(116 So. 322)

**BARBER v. STATE.    (4 Div. 320.)**

Court of Appeals of Alabama.    Jan. 10, 1928.

Rehearing Denied Feb. 7, 1928.

A. R. Powell, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

RICE, J.   Appellant's able counsel has, it seems to us, in his brief stated the essential facts involved quaintly and correctly, as follows:

"The defendant in this case was convicted of the offense of assault with intent to murder, and given an indeterminate sentence of not less than four nor more than five years.   The evidence shows that it was just a plain ordinary negro row, punctuated with slight snatches of mild profanity.   The difficulty commenced at the home of the defendant, where the assaulted party had carried the defendant's boy, and demanded that the defendant whip the boy.   From then on the testimony is in hopeless conflict as to how the shooting occurred, and who fired the first shot, and where the parties were at the time of the shooting.   The defendant used a double-barrel shotgun loaded with bird shot at a distance of 27 steps."

In passing upon the exceptions reserved and questions raised, it is, of course, proper that the record, as a whole, be considered. Viewed in this light, we fail to find any error to have been committed of a reversible nature.   If the state's evidence is believed, and it evidently was, by the jury, the defendant was clearly guilty as charged.

The testimony of Dr. Broughton, assuming that it was properly offered, to the effect that "defendant could not run," that

he "was scarcely able to walk," could have been but his conclusion, or opinion, and it was offered as a *fact*. As such it was not admissible. Then, too, we believe we might add that, in the face of the testimony as to defendant taking his gun, and following the assaulted party to the place of the shooting, under circumstances shown not to be justified, it was immaterial as to whether he walked or ran.

Clearly it was incompetent to undertake to prove that the assaulted party had at some unnamed, indefinite time, bearing no relation to the time of the difficulty, owned a "switch blade" knife.

The portion of the trial court's oral charge, to which exception was reserved, seems to us not subject to criticism, especially in view of the kind of gun the record shows to have been by all parties understood to have been referred to therein. 30 C. J. 326.

The state of feeling between defendant and the one alleged to have been assaulted by him could be properly shown, but what the assaulted party "thought" as to defendant's having reported him to the officers was not admissible.

The case seems to have been carefully and correctly tried, and the judgment is affirmed.

Affirmed.