36 So.2d 239

## BAKER v. STATE.

5 Div. 254.

Court of Appeals of Alabama.

May 11, 1948.

Rehearing Denied May 25, 1948.

Jacob A. Walker and R. C. Smith, both of Opelika, for appellant.

A. A. Carmichael, Atty. Gen., and Richard S. Brooks, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant and four others, jointly, with the offense of assault with intent to murder, in that, they "unlawfully and with malice aforethought, did assault Lonzie Thomas with intent to murder him," etc.

A severance was demanded, and granted, and this appellant, Charles Baker, was put upon trial. To the indictment he interposed a plea of "not guilty."

The trial resulted in the conviction of appellant for assault with intent to murder. He was adjudged guilty accordingly and the court sentenced him to imprisonment in the penitentiary for a period of seven years. Judgment of conviction was duly pronounced and entered, from which defendant took this appeal.

The occurrence complained of is shown by the evidence to have been on Sunday afternoon of March 7, 1947, and the evidence, without dispute, disclosed that this appellant and the alleged injured party had had a previous difficulty on the morning of the same day.

The evidence, also discloses without dispute or conflict, that on the same Sunday, above mentioned, and during the afternoon thereof, this appellant, and the other four defendants named in the indictment drove out to the home of Lonzie Thomas, in this appellant's car and in close proximity to his home. That Thomas was alone in his house with the doors closed, and all members of the party in the automobile got out and some one or more of them called to Thomas to come out. He finally opened his door and this appellant fired at him with a shotgun hitting him in the face and eyes, after shooting Thomas with the shotgun, appellant threw the gun down and fled, whereupon Palmer Lamb, one of the party, picked the gun up and shot at Thomas again.

Upon the trial the appellant insisted that when Thomas opened his door he had his gun and threw it up to his shoulder in a shooting position at the time he fired his shot. This, Thomas denied, and the conflict in the evidence as to this, was for the jury to consider and determine.

Thomas testified that the shot fired by Charles Baker hit him in the face and totally destroyed one of his eyes, and seriously damaged the other eye.

The judgment entry in the record as to the verdict of the jury is, "We, the jury, find the defendant, Charles Baker, guilty of an assault with intent to murder as charged in the indictment. Signed M. B. Stillwell, Foreman."

Able and earnest counsel for appellant make no contention as to the sufficiency and correctness of the verdict of the jury as it appears in the judgment entry, supra, but they do insist that the verdict as returned by the jury is not correctly transcribed in the judgment, and that the verdict as returned by the jury was defective and un-

intelligible. Appellant made and entered a motion to amend the judgment nunc pro tunc, and upon the hearing of said motion introduced in evidence the verdict of the jury as appears on the back of indictment. The record as to this is as follows:

"This document or indictment containing said verdict was offered and received as evidence at the hearing of defendant's motion to amend said verdict nunc pro tunc; and it being impracticable to reproduce or copy same into the transcript, the said document or indictment containing the original verdict is therefore and hereby certified to the Court of Appeals of Alabama, as provided for by Supreme Court Rule No. 47 [Code 1940, Tit. 7 Appendix].

"Witness my hand and seal of court, this 17th day of March, 1948.

"W. O. Brownfield
Clerk."

Thus, we have before us the original document containing the verdict of the jury. After a careful and attentive examination of the verdict, thus appearing, by the entire court, we are clear to the conclusion that defendant's exception to the action of the court in overruling and denying the motion to amend, etc., is without merit and cannot be sustained. It is apparent to this court that the verdict of the jury is sufficiently clear to show the intention to convict the defendant of the felony of assault with the intent to murder as charged in the indictment. We are unable to see how any other construction could be placed upon the verdict.

It was the insistence of the State that this appellant conspired with four other defendants named in the indictment to go out to Lonzie Thomas' home and assassinate him. As stated, all five of them drove to the injured party's home on the Sunday afternoon in question. Found him at his home and alone. Called on him to come out, and when he opened the door and showed himself this appellant immediately fired upon him with a shotgun in carrying distance, and inflicted upon him the grievous wounds above stated. This question was for the jury to determine from the evidence. This court judiciously knows, as does everyone, that a loaded shotgun in carrying distance is a deadly weapon. In the court's oral charge to the jury he stated, "The court will charge you, gentlemen of the jury, malice is presumed from the use of a deadly weapon." To this portion of the oral charge the defendant reserved exception, and on this question it is argued that reversible error prevailed in that the court failed to go further and charge "Unless the evidence in the case rebuts such presumption."

The trial court was under no duty to thus charge the jury under the evidence in this case, which, as stated, without dispute or conflict, disclosed that the defendant deliberately shot the injured party with a shotgun at carrying distance and there is nothing in the evidence tending to show that the shot was fired as a result of heated passion; to the contrary it tended to show that the shot was fired by defendant as a result of revenge or malice.

In the case of Stillwell v. State, 107 Ala. 16, 19 So. 322, 324, our Supreme Court said:

"We must hold, that the use of the deadly weapon under these circumstances was not simply the result of passion but also of revenge or malice. It was therefore unnecessary for the court in giving charge 1, to add, the qualifying words, 'unless the evidence which proves the killing rebuts the presumption of malice.'"

In our case of Barber v. State, 22 Ala. App. 322, 116 So. 322, certiorari denied 217 Ala. 330, 116 So. 323, the portion of the court's oral charge to which exception was reserved, is as follows: "The jury may, under the law, consider malice from the use of a deadly weapon, without the state being required to prove specific malice; but the law presumes malice from the use of a deadly weapon, and the court charges you that a loaded gun, within shooting distance is a deadly weapon." This court, through the late Judge Rice, said: "The portion of the trial court's oral charge, to which exception was reserved, seems to us not subject to criticism, especially in view of the kind of gun the record shows to have been by all parties understood to have been referred to therein."

The few exceptions reserved to the rulings of the court upon the admission of evi-

dence have been examined and considered. These exceptions are so clearly without merit they need not be discussed.

Defendant's motion for a new trial was overruled and denied without error.

Affirmed.