104 So.2d 451

**Margaret Nell Cass CLARK**

v.

**STATE.**

**7 Div. 521.**

Court of Appeals of Alabama.

June 24, 1958.

Wm. C. Sullivan, Talladega, for appellant.

---

[1]. Ante, p. 433.

John Patterson, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charged murder in the first degree. Defendant was convicted of manslaughter in the first degree and sentenced to the penitentiary for a term of ten years.

It is undisputed in the evidence that Margaret Nell Cass Clark killed her paramour, Hosey Garrett, by stabbing him with a knife. The State's evidence was to the effect that the knife penetrated the left lung and the heart, followed by copious and fatal hemorrhage. Although there was only one entrance wound, there were two cuts in the lower back side of the pericardium, which indicated two separate thrusts. The State also showed that blood samples from deceased's body had a .21 percent Ethyl Alcohol Content, and that when the percentage of alcohol in the blood reaches .20 percent a person would exhibit the obvious effects of alcohol, including lack of coordination in his walk and speech and general mental confusion.

Defendant's testimony tended to show that deceased kicked her in the side and on the right shoulder causing a bruised place; that she told deceased she was going to leave him and he said he was going to whip her before she left; that he got a stick and she got a knife; that he hit her and they tussled about two minutes and then she cut at him and he stepped into the knife; that he staggered and fell to the floor; that she didn't know he was severely wounded; that she ran away because she was afraid of deceased's brother, Lillard Garrett; that Hugh Garrett caught her and brought her back to the house.

The State's evidence tended to show that defendant did not complain to the officers of having been kicked in the shoulder or side and that she indicated being struck in only one place, her left buttock, which showed only a general red appearance.

The killing being admitted, the question of whether it was justified under the theory of self-defense was for the jury. The court's action in denying defendant's motion to exclude the State's evidence and in refusing the general affirmative charge as to manslaughter in the first degree was without error.

Defense counsel has not presented us with a brief, but we have carefully searched the record for errors, as required by the statute. There being no reversible errors in the record the judgment is affirmed.

Affirmed.