282 So.2d 905

**Jessie WILLIAMS**

**v.**

**The STATE of Alabama.**

**SC 519.**

Supreme Court of Alabama.

Sept. 13, 1973.

Howard A. Mandell, Montgomery, for appellant.

William J. Baxley, Atty. Gen. and Kent Brunson, Asst. Atty. Gen., for the State.

---

**506**

FAULKNER, Justice.

"No, sir, I never totes a knife" and "If you live by the sword you will die by it." Thus saith Jessie Williams in his own defense at his trial on a charge of murder. Eye witnesses overwhelmingly disproved Williams' prophetic statements.

Williams was indicted by the grand jury of Montgomery for murder in the first degree. He was tried by a jury and convicted of murder in the second degree. He was sentenced to 10 years in the State penitentiary. He appealed to the Alabama Court of Criminal Appeals. On September 5, 1973, this case was transferred to this court.

There was a gangland brawl down at the Jazz Box in Montgomery on September 11, 1971. Bricks were thrown, the cold steel of knife blades flashed, garbage cans were used as a "knight's shield," and human fists swung in the savage fight. When it was over, Carl Lee Thompson, who appears not to have participated, lay dead on the concrete steps of a house where he had retreated to seek refuge from his assailants. There were nineteen knife wounds about his head, face, and body.

The State's eye witnesses placed Williams at the scene of the crime and testified that he was one of the participants who stabbed Thompson with knives. There was no evidence that Williams acted in self defense. The record is replete with evidence that this was nothing more than a gang killing resulting from an argument outside the Jazz Box between persons other than Williams. Thompson was inside when the argument began. He left, walked up the street, and when he returned, a fight had started. As he approached he was knocked down and stabbed by a number of persons, including Williams.

Williams, on this appeal, says that the trial court erred in instructing the jury that it could presume the malice required from the use of a deadly weapon without qualifying the instruction with the words "unless the evidence which proves the killing rebuts the presumption."

■ The trial judge did not err. Where no inference was deducible from the evidence that Williams acted in self defense or that his stabbing the decedent was the result of sudden passion engendered by sufficient provocation, and without malice, the trial court was not required to add to his charge that malice is presumed from the use of a deadly weapon the qualifying words "unless the circumstances of the killing disprove malice." Baker v. State, 33 Ala.App. 596, 36 So.2d 239, cert. denied 251 Ala. 65, 36 So.2d 241.

■ The next alleged error in the brief of Williams is, "The under representation of black persons on the Montgomery County jury roll compels reversal of appellant's conviction." This issue is raised for the first time on appeal. It was not raised at any stage of the proceedings below. There is no evidence, or pleading, pertaining to this issue in the record. Therefore, there is nothing for this court to review on this alleged error.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, and MADDOX, JJ., concur.