The defendant was convicted of second degree murder and the jury fixed her punishment at ten years' imprisonment. It is undisputed that the defendant shot Frazier Mack with a pistol and thereby caused his death.
 I
At the conclusion of the court's oral charge defense counsel took exception to that portion of the charge concerning the inference of malice from the use of a deadly weapon. The court charged:
 "Sometimes it is hard to tell whether or not criminal malice exists. Therefore in the case of murder, the Jury can presume that malice is present from the use of a deadly weapon. Before malice can be presumed from the use of a deadly weapon, it must be shown to be a deadly weapon in contemplation of the law, and from the use of such a weapon that death would be the natural, reasonable and horrible consequence of its use. In the course of any presumption, it can be (unintelligible). Whether or not malice is present, the actual extent (unintelligible) may be considered."
* * * * * *
 "You can also presume malice from the use of a deadly weapon in Murder in the Second Degree."
Defense counsel objected:
 "I know you didn't intend to say this, but you did say it and I have to make an objection that malice is presumed by the use of a deadly weapon, which is true, but unless the circumstances of the killing refute malice, it should be so stated. Malice can be inferred by the use of a deadly weapon unless the circumstances of the killing is such that it refutes the existence of malice."
The rule is that, where a jury could legally infer from the testimony that the defendant killed in self-defense or that the homicide was the result of sudden passion engendered by sufficient provocation and without malice, a charge to the jury as to *Page 307 
the presumption of malice raised by the use of a deadly weapon must be accompanied by the further statement, "unless the evidence which proves the killing rebuts the presumption".McDowell v. State, 238 Ala. 482, 191 So. 894 (1939); Hornsby v.State, 94 Ala. 55, 66, 10 So. 522 (1891).
The State maintains that the defendant did not act in self-defense and relies on Williams v. State, 291 Ala. 505,282 So.2d 905 (1973), for the proposition:
 "Where no inference was deducible from the evidence that Williams (the defendant) acted in self-defense or that his stabbing the decedent was the result of sudden passion engendered by sufficient provocation, and without malice, the trial court was not required to add to his charge that malice is presumed from the use of a deadly weapon the qualifying words `unless the circumstances of the killing disprove malice'." 291 Ala. at 506, 282 So.2d at 906.
In Williams there was no evidence that the defendant acted in self-defense. In Stidwell v. State, 107 Ala. 16, 19 So. 322
(1894), the court found that the use of a deadly weapon, under the circumstances, was not simply the result of passion but also of revenge or malice.
Here there is evidence that the defendant did act in self-defense or in sudden passion. The inferences of self-defense and sudden passion supplied by the evidence presented by the defendant are clear and apparent.
While the State's evidence would show that the defendant shot the deceased without justification and while he was leaving her home as she had directed, the evidence presented by the defendant would tend to indicate that the defendant acted in self-defense or sudden provocation. That self-defense was in issue is reflected by the fact that the trial court charged the jury on the law of self-defense. Thus, it was error for the trial court not to correct his oral charge as requested by defense counsel. Anders v. State, 255 Ala. 319, 51 So.2d 711
(1951); Wright v. State, 252 Ala. 46, 39 So.2d 395 (1949);Berry v. State, 209 Ala. 120, 95 So. 453 (1923). In so ruling we recognize that the credibility of self-defense evidence is for the jury. Wall v. State, 49 Ala. App. 285, 270 So.2d 831
(1972). It does not matter that the jury, in their discretion, rejected such evidence. Wall, supra.
The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.