Gregory A. Townsend, alias Greg Townsend, was indicted under the alternative theories listed in § 13A-6-2 (a)(1), -2 (a)(2), Code of Alabama 1975, for the murder of Ollie Willie Jones by "shooting him with a shotgun."
The jury found appellant "guilty of murder." The trial court thereafter sentenced him to a term of 30 years' imprisonment.
From the trial court's denial of his motion for a new trial, he prosecutes this appeal.
On October 20, 1980, the appellant shot and killed Ollie Willie Jones with three rounds from appellant's .20 gauge shotgun. The fatal shot caused a head wound to the left side of the deceased's face. The appellant never denied shooting the victim, but he did raise a claim of self-defense in that the deceased "started looking crazy and reached for a gun in his belt, and [he] had to shoot." (R. 34)
The evidence established that the appellant and the victim had an altercation two days before when the victim "pistol-whipped" appellant, because the deceased felt that the appellant had prevented him from winning or stealing some money from one of appellant's friends. After the "pistol whipping" the victim told the appellant he had better be "armed" the next time they met.
Two days later the appellant, "armed" with his .20 gauge shotgun, went over to the victim's residence to, allegedly, talk over their differences and "try to get this mess straightened out." (R. 34) Townsend met the victim walking up the driveway beside the victim's residence and told him that the two of them needed to talk. According to the appellant, he was the only witness to the shooting incident besides the deceased, Ollie Willie Jones. The victim, Jones, had started to draw a gun from his belt and Townsend shot three times, turned and left.
A short time later police investigators examined the body and did find a pistol in the victim's belt and a knife in the victim, Jones', pocket.
Appellant turned himself in to the police.
Appellant introduced evidence of his good character and of the victim's bad character, while the state countered with evidence of the appellant's bad character.
 I
The appellant contends that there is insufficient evidence to sustain the jury's verdict because there is no proof that the appellant did not act in self-defense. We are not convinced by this argument.
Where, as here, the killing was admitted, the question of whether or not it was justified under the theory of self-defense was for the jury. Clark v. State, 39 Ala. App. 505,104 So.2d 451 (1958). This does not mean that the burden of proving self-defense shifts to the defendant, but it does mean that in order to be acquitted the evidence must raise in the minds of the jury a "reasonable doubt" as to whether the defendant acted in self-defense. Graham v. State, 339 So.2d 110
(Ala.Cr.App.), cert. denied, 339 So.2d 114 (Ala. 1976); Harrisv. State, 347 So.2d 1363 (Ala.Cr.App.), cert. denied,347 So.2d 1368 (Ala. 1977); Mack v. State, 348 So.2d 524 (Ala.Cr.App. 1977); Moore v. State, 364 So.2d 411 (Ala.Cr.App.), cert. denied, 364 So.2d 416 (Ala. 1978).
In the case at bar the only evidence of self-defense was the testimony of the appellant, Townsend. The weight and credence to be given that testimony was a question for the jury.Peterson v. State, 350 So.2d 771 (Ala.Cr.App. 1977); Warren v.State, 380 So.2d 305 (Ala.Cr.App. 1979), cert. denied,380 So.2d 307 (Ala. 1980). The jury apparently chose not to believe the appellant's testimony, in light of these circumstances, especially the fact that appellant had recently received a "pistol whipping" from the victim, Jones. The requisite "reasonable doubt" was, therefore, never raised.
The jury having resolved this issue, it is not within the province of the Court of *Page 1099 
Criminal Appeals to pass judgment on the truthfulness of appellant's testimony, with reference the self-defense issue; therefore, we will not disturb the jury's verdict by our review. May v. State, 335 So.2d 242 (Ala.Cr.App. 1976);Peterson, supra.
 II
Appellant further contends that the trial court erred by failing to charge the jury on the issues of character evidence and by refusing three of appellant's written requested charges.
 A
Considering the latter argument first, we have found that the "presumption of innocence" (R. 162) and the "reasonable doubt" (R. 164) charges requested by the appellant were "substantially and fairly" covered in the court's oral charge. (R. 136-138) Consequently, their refusal is not grounds for reversal. Section 12-16-13, Code of Alabama 1975. Garraway v. State,337 So.2d 1349 (Ala.Cr.App. 1976).
The other refused charge (R. 163) concerns the sufficiency of circumstantial evidence. This charge was totally unnecessary because the evidence that appellant shot and killed the victim was direct evidence admitted by the appellant. Likewise, the evidence of self-defense was in fact, direct evidence by the appellant's own testimony, even though it apparently failed to convince the jury. Thus, a charge on circumstantial evidence would have only served to confuse the jury.
 B
The trial court's alleged failure to instruct the jury with reference the evidence of appellant's good character, and the evidence of the victim's bad character, even if error, was not properly preserved for our review, as there was no exception to the oral charge of the trial judge. Cooper v. State,331 So.2d 752 (Ala.Cr.App.), cert. denied, 331 So.2d 759 (Ala. 1976); and cases therein cited; Cooper v. State, 364 So.2d 382
(Ala.Cr.App.) cert. denied, 364 So.2d 388 (Ala. 1978).
 III
Appellant's final contention that the introduction of a gruesome photograph of the victim (Exhibit 2) was reversible error is without merit.
Generally, photographs of the victim's body are admissible to prove or disprove a disputed or material issue, to illustrate or elucidate other facts or evidence, or to corroborate or disprove some other evidence. Braxton v. State, 361 So.2d 1170
(Ala.Cr.App. 1978); Hines v. State, 365 So.2d 320
(Ala.Cr.App.), cert. denied, 365 So.2d 322 (Ala. 1978); Brodkav. State, 53 Ala. App. 125, 298 So.2d 55 (1974) and authorities cited therein; McAdams v. State, 378 So.2d 1197 (Ala.Cr.App. 1979). This is certainly true where, as here, the photo accurately depicts the character and location on the body of the fatal wound. Ellenburg v. State, 353 So.2d 810 (Ala.Cr.App. 1977). Moreover, we have held such pictures admissible even if they constitute cumulative evidence based upon an undisputed matter. Ellenburg, supra; Hines, supra.
For the above stated reasons, this case is hereby affirmed.
AFFIRMED.
All the Judges concur.