TYSON, Judge.
John Scott was indicted for the first degree murder of Sammie Lee Bailey “by shooting him with a pistol.” The jury found the appellant guilty of second degree murder, for which he was sentenced to 10 years’ imprisonment.
Appellant’s motions to exclude the state’s evidence, to direct a verdict in his favor, and for a new trial were duly denied, hence this appeal.
On November 5, 1979, the appellant shot and killed Sammie Lee Bailey. The state’s evidence revealed that the victim was unarmed and was sitting in his car when the fatal shot was fired. The shooting was apparently the result of a brief argument between the appellant and the victim concerning the victim’s relationship with appellant’s wife. One witness testified that appellant, after arguing and struggling with the victim, walked back to his truck, returned with his .25 caliber pistol, and shot the victim, who remained seated in his car.
The appellant testified that he shot in self-defense. He alleged that the victim was also armed with a pistol, which he had pointed at the appellant. Appellant claimed that he consequently shot at the victim, intending to shoot him in the arm.
However, the victim’s alleged weapon was never found, and the appellant did not present any evidence during the trial to explain its disappearance or to corroborate its existence. In fact, but for the appellant’s testimony, there was nothing presented to indicate that the victim was armed.
Appellant’s sole contention on appeal is that the jury’s verdict was contrary to the weight of the evidence, which appellant insists raised a “reasonable doubt” as to his guilt via the self-defense issue.
We recently discussed this same issue in the case of Townsend v. State, (1981), 402 So.2d 1097 (Ala.Cr.App.1981). There, as here, the only evidence of self-defense was the testimony of the appellant. In such a cause, where the state has presented a pri-ma facie case, the issue is not the “sufficiency of the evidence” but rather the “weight and credibility” to be given an appellant’s testimony in light of the evidence to the contrary. This “weight and credibility” determination is properly left to the jury and will not be disturbed on our review. Townsend v. State, supra, and cases therein.
We find the jury’s verdict to be supported by the evidence and this cause is therefore affirmed.
AFFIRMED.
All the Judges concur.