Following a jury trial in the Macon County Circuit Court, defendant was convicted of murder and was sentenced to thirty-five years' imprisonment. The Court of Criminal Appeals affirmed that conviction, and the defendant petitioned this Court for a writ of certiorari, which was granted.
The conviction arose from the killing of Jessie Stafford on July 18, 1981, outside a nightclub in Hardaway, Alabama. Stafford drove up to the club in his truck. The defendant was outside the club in the parking lot when Stafford arrived. Defendant went over to the truck briefly, then returned to his own car. He then walked back to the truck, pulled out a gun he had concealed on his person, and shot Stafford twice at close range. *Page 480 
We granted certiorari on one of defendant's asserted points of error: That the Court of Criminal Appeals erred in affirming the trial court's failure to give a certain requested written charge. We find no merit in this alleged error and, therefore, the judgment of the Court of Criminal Appeals is affirmed.
The defendant presented the trial court with thirty-two written requested charges, all of which were refused. Charge 27 read as follows:
 "The burden of proof is not on the Defendant to establish self-defense by a preponderance of the evidence; but if all the evidence including the height, weight and size of Jessie Stafford; the threats by Jessie Stafford; the good character of Allen Johnson; the peaceable nature of Allen Johnson and the good reputation for truthfulness of Allen Johnson; and the bad character of Jessie Stafford, if such be the case, raises in the minds of the jury a reasonable doubt as to whether or not Allen Johnson acted in self-defense, you must find him not guilty."
Counsel for defendant objected to the refusal of the written charges as follows:
 "The defense objects to the court's oral charge on the ground that the Judge did not charge the jury that they would consider the bad character of the victim or deceased. And the Judge has overruled this objection and given me the exception."
The Court of Criminal Appeals refused to consider the alleged error, stating: "Appellant failed to call to the trial court's attention the specific refused written charge and set forth specific grounds for his objection to the refusal of such charge." Johnson v. State 433 So.2d 473 (Ala.Cr.App. 1982).
The Court of Criminal Appeals took this position in reliance on Allen v. State, 414 So.2d 989 (Ala.Cr.App. 1981), affirmed,414 So.2d 993 (Ala. 1982). In that case, the Court of Criminal Appeals stated:
 "The proper procedure for preserving the right to assert error on appeal is for the affected party to object and state his grounds before the jury retires, just as is done for alleged errors in the trial court's oral charge."
414 So.2d at 992.
In the case before us, we are of the opinion that the objection interposed by defendant's counsel was specific enough to indicate that an objection was being made to the failure to give charge 27. This was the only charge that related to the character of the deceased and, therefore, we can assume the objection was directed to that charge.
However, we agree with the Court of Criminal Appeals that counsel for defendant failed to set forth the specific grounds for his objection. In his brief, defendant argues that it would have been proper for the trial court to charge the jury concerning Stafford's reputation for violence and turbulence. We agree. Bankston v. State, 358 So.2d 1040 (Ala. 1978). In our opinion, however, this was not the nature of the requested charge, which referred only to the general "bad character" of Stafford, nor was it the grounds given by counsel in objecting at trial. Proof of "reputation for violence and turbulence" and proof of "bad character" are not the same. We agree with the statement made by the Court of Criminal Appeals in Holliday v.State, 346 So.2d 26, 27 (Ala.Cr.App. 1977):
 "The principle that permits evidence touching on the reputation of the victim of a homicide in a case where there is evidence of self-defense has not been extended to `general reputation' but is limited to reputation as to particular traits variously denominated as traits of `violence,' `turbulence,' `blood-thirstiness' and the like."
Therefore, we hold that the Court of Criminal Appeals was not in error in holding that the defendant failed to preserve the alleged error.
The second alleged error asserted by the defendant is that the verdict is contrary to the weight of the evidence. The opinion of the Court of Criminal Appeals sets out the facts in this case in detail and we see no *Page 481 
reason to repeat them. The State presented evidence to support all of the elements of murder under Code 1975, § 13A-6-2. The defendant maintains, however, that the State failed to show that the defendant was not acting in self-defense when he killed Stafford.
Once the issue of self-defense is raised, the State "must prove that the accused did not act in self-defense in the sense that the State must prove a prima facie case of unjustified homicide." Mack v. State, 348 So.2d 524, 529 (Ala.Cr.App. 1977). That is, the State continues to have the burden of proving all of the elements of murder and must counter any evidence presented by the defendant which would raise a reasonable doubt as to the existence of one of these elements.Townsend v. State, 402 So.2d 1097 (Ala.Cr.App. 1981). See also,Vaughn v. State, 293 Ala. 365, 304 So.2d 6 (1974). The weight and credibility of that evidence is a question for the jury.Mack, supra.
The defendant produced some testimony that Stafford was in possession of a loaded rifle and that he had on prior occasions threatened the defendant. However, the State countered this evidence with testimony by two eye-witnesses that defendant walked up to the truck and fired two shots without provocation. The State also produced evidence that Stafford's rifle was under the seat of the truck and virtually inaccessible at the time he was killed.
It appears that the jury, after hearing the conflicting testimony of the witnesses, did not have a "reasonable doubt" concerning any of the elements of the crime. We agree with the Court of Criminal Appeals that the verdict is not against the weight of the evidence. The judgment is due to be, and it hereby is affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.