Leona Davis was indicted pursuant to § 13A-6-2, Code of Alabama 1975, for the murder of Robert Nathan Davis, her husband, by "shooting him with a pistol."
The jury found the appellant guilty of manslaughter and the trial court sentenced her to ten years' imprisonment.
On June 26, 1983, the appellant shot and killed Nathan Davis. She shot Mr. Davis one time in the chest and two times in the back with a .22 caliber pistol, while they were at home in their house trailer.
Wesley Davis, the victim's father, testified that he lived near the appellant and victim. He stated that he had heard the appellant threaten to kill Nathan Davis on several occasions. He stated that the appellant had made false accusations against her husband on many occasions and that she had a bad reputation for truthfulness. He testified that on the day of his son's death he visited Leona and Nathan. He stated that Nathan had not been drinking on that occasion.
Dr. Josefino Aguilar, employed by the Alabama Department of Forensic Science, testified that Nathan Davis died of multiple gunshot wounds. He further testified that all three wounds were inflicted from very close range.
Denise Berryman testified that she lived down the road from the appellant. She stated that on the day of the killing, the appellant came to her home and told her that she had shot Nathan. She testified further that she had witnessed fights and arguments between Leona and Nathan on prior occasions.
Wesley Davis, Jr. testified that he had witnessed Leona Davis threaten to kill Nathan Davis on prior occasions.
Leona Davis testified that on the day of the killing Nathan was intoxicated and threatening to kill her. She stated that they started fighting in the bedroom and that Nathan was pulling her hair and hitting her. She stated that she reached under the mattress and pulled a gun out. She said that Nathan would not let her go so she shot him in the chest. She said that when he still would not let go of her, she shot him two more times.
Betty Elkins testified that she was familiar with the appellant's reputation for truthfulness in the community. She stated that the reputation was bad and that she would not believe the appellant under oath.
Several other witnesses testified that Leona Davis had a bad reputation in the community for truthfulness.
From the trial court's denial of her motion for a new trial, the appellant prosecutes this appeal.
 I
The appellant contends that the trial court's verdict of manslaughter is improper because there was evidence that the appellant acted in self-defense.
The law is settled in Alabama that where the appellant admits killing the victim, as in this case, the question of whether the act was justified as having been committed in self-defense is one for the jury to decide. Clark v. State, 39 Ala. App. 505,104 So.2d 451 (1958); Townsend v. State, 402 So.2d 1097
(Ala.Cr.App. 1981); Johnson v. State, 433 So.2d 473
(Ala.Cr.App. 1982), affirmed, 433 So.2d 479 (Ala. 1983). "[I]n order to be acquitted the evidence must raise in the minds of the jury a `reasonable doubt' as to whether the defendant acted in self-defense." Graham v. State, 339 So.2d 110 (Ala.Cr.App.), cert. denied, 339 So.2d 114 (Ala. 1976); Moore v. State,364 So.2d 411 (Ala.Cr.App.), cert. denied, 364 So.2d 416 (Ala. 1978); Townsend v. State, supra; *Page 475 Thompson v. State, 418 So.2d 226 (Ala.Cr.App. 1982).
In this case the only evidence of self-defense was the testimony of the appellant. There was some testimony from other witnesses which conflicted with parts of the appellant's account of the day of the killing. Self-defense evidence, like all other conflicting evidence, is a matter to be left to the jury to decide, and it is the province of the jury to decide how much weight and credibility to give such evidence or testimony. Moore v. State, supra; Warren v. State,380 So.2d 305 (Ala.Cr.App. 1979), cert. denied, 380 So.2d 307 (Ala. 1980); Townsend v. State, supra; Thompson v. State, supra. The jury chose not to believe the appellant's version of the incident, and thus, having resolved this issue, it is not the province of this court to determine the truthfulness of the appellant's testimony. Therefore, we will not disturb the trial court's ruling.
Moreover, our review of the record in this cause uncovers no problem with the weight and sufficiency of the evidence from which the appellant was adjudged guilty. "If the evidence showed that death was caused by a pistol intentionally fired at the person killed, unless self-defense is proved, the offense is either murder or manslaughter." Lanier v. State, 43 Ala. App. 38, 179 So.2d 167 (1965); King v. State, 48 Ala. App. 154,262 So.2d 764 (Ala.Cr.App.), cert. denied, 288 Ala. 744,262 So.2d 767 (1972); Weaver v. State, 402 So.2d 1099 (Ala.Cr.App. 1981).
There being no error in the record before us, this cause is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.
[EDITORS' NOTE: PAGES 476-479 CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 792