Appellant was indicted for assault and pled not guilty. The case was tried before a jury, and a verdict was returned finding appellant guilty of assault in the first degree. Appellant was sentenced to twenty-five (25) years' imprisonment under the Habitual Felony Offender Act, and ordered to make restitution.
At 8:00 p.m. on March 5, 1983, Charlene Pierce and her husband, Michael, were traveling along Lenlock Lane in Calhoun County, Alabama, when an automobile came up behind their car. The unidentified car pulled within less than a car's length behind the Pierces' automobile, and began flashing its headlights from bright to dim. Charlene Pierce slowed her vehicle to allow the car to pass, but the car would not pass. Michael Pierce, who was riding in the passenger seat, testified that the car was a small automobile with a grill outline like that of a Honda. The car finally turned off Lenlock Lane, at a traffic light, and Michael Pierce could tell that the car was a dark colored Honda Accord.
The Pierce's proceeded down Weaver Road, and before they reached Cave Road, the same car came up close behind them again and resumed flashing its lights. Michael Pierce told his wife to pull the car over, that he was going to find out why the persons in the car behind them were "harassing" them. Charlene pulled off the road so that the right tires were on the shoulder of the road, while the left tires were still on the pavement. The Honda pulled within two feet of their rear bumper, but did not pull off the road.
Michael Pierce got out of his car and walked back around the passenger's side of the Honda. He could see two people in the front of the car. He then walked behind the Honda and came around to the driver's side as appellant opened his door. Michael Pierce said, "Who the hell do you think you're harassing?" to which appellant did not respond, and continued to gaze forward through the windshield. As Michael Pierce reached to touch appellant's shoulder, appellant stabbed him with a knife. Michael Pierce never saw the knife, and sank to the ground holding his abdomen. Appellant closed the car door, locked it, and turned off his headlights. Charlene Pierce had by then gotten out of her car and attempted to grab the driver's door handle, as appellant backed his car up, went around the Pierces' car, and down the road.
Charlene and Michael Pierce returned to their car and drove to a police station from which Michael was taken by ambulance to the Regional Medical Center. Michael Pierce suffered a serious laceration of his transverse colon, and required two surgical operations to repair the injury caused by the stab wound.
At trial, appellant testified that he and Tami Davis had gone out that evening to get a pizza. They were returning home with the pizza when an automobile stopped in the road in front of them. Appellant testified that Michael Pierce was screaming and cursing, and reached in the car to grab him out:
 "Q All right. What, if anything, did you do on that occasion?
 "A Well, he started grabbing me out of the car and I didn't know what he had in mind. But you just don't grab nobody out of the car if you ain't going to do nothing to them. So I reached by the tackle box and had a knife there and turned around and by this time I had one foot out of the car and I turned around and asked him what the hell he thought he was doing.
"Q All right. What, if anything, did he say?
 "A He just proceeded to drag me out of the car and that's when I stabbed him." *Page 39 
Appellant then left the scene and returned to Tami Davis's mother's home. Appellant did not contact the police about the incident and was finally questioned two days later by police.
Appellant contends that the trial court erred in denying appellant's motion for judgment of acquittal at the close of the State's evidence, and again at the conclusion of all the evidence. Appellant specifically alleges that he was acting in self defense when he stabbed Michael Pierce.
The evidence is undisputed that appellant did, in fact, stab Michael Pierce. The question of whether the act was justified as having been committed in self defense is for the jury to decide. Johnson v. State, 433 So.2d 473 (Ala.Cr.App. 1982), affirmed, 433 So.2d 479 (Ala. 1983). With this a defense claim, appellant was entitled to no more than a determination by the jury of the issue. Ashley v. State, 420 So.2d 810 (Ala.Cr.App. 1982). Self defense evidence, like all other conflicting evidence, is a matter for the jury to decide, and it is within the province of the jury to decide how much weight and credibility to give such evidence. Davis v. State,450 So.2d 473 (Ala.Cr.App. 1984).
To justify conduct through a claim of self defense, the accused must neither provoke nor encourage the difficulty.Moore v. State, 364 So.2d 411 (Ala.Cr.App.), cert. denied,364 So.2d 416 (Ala. 1978). Additionally, some form of retreat is required to establish a claim of self defense. Hambright v.State, 432 So.2d 13, 15 (Ala.Cr.App. 1983). The evidence is uncontroverted that appellant was following the Pierce's automobile and was flashing his lights. Both Tami Davis and appellant testified that the headlights were flashed. When appellant was confronted by a visibly angry man, there is no evidence that he attempted to retreat until after he had stabbed Michael Pierce. Without question, under these facts, the jury could determine that appellant was not acting in self defense.
The jury chose not to believe appellant's version of the incident, and it is not within the province of this court to determine the truthfulness of appellant's testimony. Davis, supra. We must disagree with appellant's contention that the evidence shows that the victim was the initial agressor, and, therefore, at fault. Where evidence raises a question of fact for the jury, such evidence, if believed, is sufficient to sustain a conviction, and a denial of appellant's motion for judgment of acquittal does not constitute error. Stewart v.State, 405 So.2d 402 (Ala.Cr.App. 1981).
An examination of appellant's contentions and of the record reveals no errors prejudicial to appellant's substantive rights. This cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.