TYSON, Judge.
David O’Neal Cartwright filed a petition for writ of habeas corpus in the Circuit Court of Butler County, Alabama and a petition for writ of mandamus also in the Circuit Court of Butler County, Alabama, each of these petitions seeking to require the City of Greenville, acting through Chief of Police Kenneth Flowers, to award Cartwright “incentive good time” pursuant to the provisions of § 14-9-41, Code of Alabama 1975, as amended. After setting the cause for hearing, these petitions were consolidated and evidence taken before the court. Following the hearing, each petition was denied, the trial court determining that the appellant was “a county prisoner” and, therefore, was not entitled to incentive good time credits under the statute above mentioned.
I
In appellant’s two petitions it was pointed out that he was presently being held in the county jail of Butler County, as a “municipal prisoner” of the City of Greenville, being sentenced to serve 12 months in the city jail.
At trial, however, Chief Flowers, pursuant to questioning by the court, determined the following:
“RECROSS EXAMINATION
“By Mr. Poole:
“Q. Let me ask a couple of more questions.
“Chief Flowers, he pled guilty to an offense outlined in the Code of Alabama as being an offense against the State of Alabama, is that correct?
“A. Yes, sir.
“Q. And the only reason that ya’ll call him a city prisoner is because the city police department was the agency that investigated and worked the case, is that correct?
“A. That’s correct.
“THE COURT: Anything else?
“MR. GHOLSTON: No, sir.”
Further, during Chief Flowers testimony, he indicated that he had initially arrested the appellant on August 1, 1983 and charged him with second degree rape pursuant to the provisions of § 13A-6-62, Code of Alabama, 1975, as amended. The case thereafter went to trial and the appellant pled guilty pursuant to agreement of sexual misconduct as provided for in § 13A-6-65, Code of Alabama 1975, and was sentenced to 12 months’ imprisonment in the county jail.
Chief Flowers pointed out that the City of Greenville no longer maintains a separate “municipal or city court” nor does it have a separate “city jail”.
The appellant has, at all times, been confined pursuant to the sentence in the county jail for Butler County. No disciplinaries or other type of detainer had been filed against the appellant. However, the appellant had not been assigned to any outside duties.
The appellant testified that he had been confined in the county jail since February 20, 1984, and was allowed to go to the mental health facility on Tuesdays and Thursdays for observation and treatment. The appellant testified he was under the impression he was a “city prisoner”.
Chief Flowers testified, however, that the appellant had pled guilty to a misdemeanor and sentenced through the district court to the county jail to the lesser offense of sexual misconduct. He stated that he had not allowed Cartwright to be given any outside duties and that he did allow him to go to the mental health facility twice a week for observation and treatment. Chief Flowers testified that he did not believe that he had the authority to grant good time under the statute on examination by counsel, but that he would abide by the decision of the court.
*1025 The statute allowing “incentive good time credit” is § 14-9-41, Code of Alabama 1975.
“STATE OF ALABAMA PLAINTIFF VS. DAVID ONEAL CARTWRIGHT DEFENDANT
After hearing the testimony in the cause the circuit court then entered the following order denying both petitions: (R. 13).
IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA CASE NO. MDC-83-1306 & 1307

We agree with the findings and determination of the circuit court that this appellant was “not sentenced to the penitentiary, or at hard labor for the county, nor was he a municipal prisoner”, all of this being based upon the testimony offered at the hearings before the circuit court.
Cartwright was determined to be a “county prisoner” and therefore was not eligible for the relief sought under § 14-9-41, Code of Alabama 1975, as amended, under the record here presented.
II
The appellant argues next, that, should this court determine that the appellant was simply a “county prisoner” serving a 12 months’ misdemeanor sentence in the county jail, to make a distinction between this and a “county prisoner at hard labor for the county” would be an unconstitutional distinction to make such a determination; and therefore, urges this court to declare this action of the circuit court as violative of equal protection of law pursuant to the Fourteenth Amendment of the United States Constitution.
We have carefully examined this record where the appellant makes this argument and find that such was not presented by either a motion or other pleading in the circuit court, nor was there any evidence presented in the record with reference to this issue. Therefore, there is nothing for this court to review on this alleged error. Williams v. State, 291 Ala. 505, 282 So.2d 905 (1973); Weathington v. City of Birmingham, 52 Ala.App. 77, 289 So.2d 645 (1973), cert. denied, 292 Ala. 757, 289 So.2d 649 (1974).
*1026 We have carefully examined this record and find that the appellant was properly sentenced in the district court to 12 months’ imprisonment pursuant to an agreement whereby he pled guilty to the offense of sexual misconduct. We find that the judgment of the circuit court is in all respects proper and this cause is hereby affirmed.
AFFIRMED.
All the Judges concur.