The appellant was transferred from Juvenile Court to the Circuit Court of Pike County, where he was found guilty of intentional murder. He was sentenced to 50 years' imprisonment in the penitentiary.
Patricia Pennington testified that she was present at the Cookie Jar, a lounge, on the night of March 15, 1986. She testified that, as she was dancing, she witnessed the appellant shooting Eddie Dwayne Jones. She testified that a woman grabbed the appellant around the waist and he began to struggle. When he had freed himself he shot again toward the victim, Eddie Dwayne Jones.
Juan Howard testified that he was present at the Cookie Jar on the night in question and heard a shot. He then saw the appellant with the gun. He further testified that he made a statement to the appellant indicating that the appellant should put down the gun and that the appellant threatened to shoot him. He further testified that a young woman was struggling with him and eventually pulled him out of the lounge.
Arthur Jones testified that he was also present at the Cookie Jar on the night in question. He testified that he heard a shot and observed the appellant pointing a gun at the victim, who was lying on the floor. He testified that a girl and another man were struggling with the appellant, who was still firing the gun. He testified that the girl and the man pushed the appellant out of the lounge. Jones then went to the police station for help.
James Alex Neal testified that he was present at the Cookie Jar on the night in question and heard a gunshot. He testified that he then observed people running from one side of the lounge and then heard two more gunshots. He observed a female struggling with the appellant, who was holding a gun. He then heard Juan Howard tell the appellant to stop shooting his gun and heard the appellant threaten to shoot Howard. The appellant continued to struggle with the female as they left the lounge. Neal followed them outside and asked the appellant for his gun. The appellant replied that he had not shot anyone and did not have a gun. Neal then asked the female for the gun and, as she was handing it to Neal, the appellant grabbed the gun and two more shots were fired. Thereafter, Neal got the gun from the appellant and gave it to Officer Freddie Brooks of the City of Troy Police Department.
The appellant testified that he had smoked some marijuana and consumed some alcohol prior to going to the Cookie Jar. The appellant testified that, as he was walking to his table, Eddie Dwayne Jones "stuck his hand out" and stopped the appellant. He testified that Jones was talking to him, but that he was unable to hear what was being said. The appellant further testified that Jones then pushed him back toward the door and that the appellant fell into a table. The appellant stated that he was afraid and pulled out his pistol and pointed it at Jones. The appellant said that Jones was walking toward appellant and the appellant pulled the trigger. The appellant testified that he was 17 years old and was carrying a gun because he knew that the Cookie Jar had a reputation for being a violent and dangerous place.
 I
The appellant argues that the evidence at trial was sufficient to establish that he acted in self-defense. The question of whether the appellant's act was justified as having been committed in self-defense is for the jury to decide. Finchum v. State, 461 So.2d 37, 39
(Ala.Cr.App. 1984).
 " ' "Only when all the evidence is undisputed and clear should a court dispose of a murder or manslaughter charge by acquittal without tendering the issue of self-defense to the jury [cases cited]. Rarely, then, is self-defense declared by law so as to bar the submission of the homicide offense all together." [Emphasis added.]' "
Lockett v. State, 505 So.2d 1281, 1285 (Ala.Cr.App. 1986), quoting State v. Thornton, 532 S.W.2d 37,42-43 (Mo.App. 1975). *Page 667 
In order for a person to be justified in using deadly physical force in self-defense,
 " '[T]he danger, or apparent danger, must be present, not prospective, — not even in the near future. . . . Human life must not be sacrificed under the apprehension of a prospective probable danger even in the near future.' Dolan v. State, 81 Ala. 11, 1 So. 707, 712 (1887). A mere fear, though well-grounded, of personal violence about to be committed is no justification unless the danger appears to be imminent or threatening. See Dupree v. State, 33 Ala. 380 (1859)."
Raines v. State, 455 So.2d 967, 971 (Ala.Cr.App. 1984).
The appellant testified, in the case sub judice, that he was unable to hear what the victim had said. Further the only force which the victim had used against the appellant was to push him back into a table. "There must be some demonstration, or apparent demonstration of an intent, coupled with an ability, to take life, or inflict grievous bodily harm, before extreme measures become defensive and can be resorted to." Karr v. State, 100 Ala. 4,14 So. 851, 852 (1894).
 " 'The law is that a blow from the hand or fist under ordinary circumstances, neither justifies nor excuses the use of a deadly weapon.' George v. State, 145 Ala. 41, 44-45, 40 So. 961, 962 (1906). See also Elliott v. State, 16 Ala. App. 464, 78 So. 633 (1918); Matthews v. State, 22 Ala. App. 366, 115 So. 763 (1928).
 "However, '[t]he reasonableness of an apprehension of death or great bodily injury is a question of fact for the jury.' F. Wharton, Law of Homicide, § 287 at 462 (3d ed. 1907). '[I]t is a question for the jury to satisfy itself from all the evidence in the case whether or not the defendant was in imminent and manifest danger either of losing his own life or of suffering grievous bodily harm or that it appeared so to the mind of a reasonable man.' Dilburn v. State, 16 Ala. App. 371, 372, 77 So. 983, 984 (1918)."
King v. State, 478 So.2d 318, 320-21 (Ala.Cr.App. 1985).
The only evidence of self-defense, in the case subjudice, was the appellant's testimony. "Self-defense evidence, like all other conflicting evidence, is a matter to be left to the jury to decide, and it is the province of the jury to decide how much weight and credibility to give such evidence or testimony." Davis v. State,450 So.2d 473, 475 (Ala.Cr.App. 1984). The jury in this case chose not to believe the appellant's testimony, and this court will not determine the truthfulness of the appellant's testimony.Id.
 II
The appellant argues that there was sufficient evidence to establish that he was intoxicated to such an extent as to create a reasonable doubt of his ability to form a specific intent. Voluntary intoxication can never justify or excuse the commission of a crime. Lovett v. State,491 So.2d 1034, 1039 (Ala.Cr.App. 1986), cert. denied, Exparte Lovett, 491 So.2d 1039 (Ala. 1986). However, excessive intoxication may render an individual incapable of forming a specific intent. Id. However, although the appellant testified that he had smoked part of two marijuana cigarettes and had drunk over a pint of whiskey and several beers, there was no evidence to show as a matter of law that the appellant was intoxicated to such an extent as to render him incapable of forming the requisite intent.
 "The intoxication must be of such character and extent as to render the accused incapable of consciousness that he is committing a crime, incapable of discriminating between right and wrong — stupe-faction of the reasoning faculty. Johnson v. State, 32 Ala. App. 217, 24 So.2d 228 (1945); Green [v. State, 342 So.2d 419 (Ala.Cr.App. 1977)]. Whether appellant's intoxicated condition rendered him incapable of harboring the special intent was a question for the jury. Foust v. State, 414 So.2d 485 (Ala.Cr.App. 1982)."
Lee v. State, 439 So.2d 818, 821 (Ala.Cr.App. 1983). *Page 668 
 III
The appellant argues that the trial court erred in sustaining the State's objection to the defense counsel's questions concerning the general reputation of the Cookie Jar for violence. However, the reputation of the lounge for violence is not reflective of the victim's reputation for violence and, thus, has no probative value on the appellant's self-defense claim. "The admissibility of evidence, which has been challenged as irrelevant and remote, is within the sound discretion of the trial judge. A trial judge's decision to admit or exclude such evidence will not be overturned on appeal absent an abuse of his discretion. C. Gamble,McElroy's Alabama Evidence, § 21.01(1), § 21.01(2), § 21.01(6) (3d ed. 1977); McLeod v.State, 383 So.2d 207 (Ala.Cr.App. 1980)." Primm v.State, 473 So.2d 1149, 1157 (Ala.Cr.App. 1985).
Furthermore, the record indicates that evidence concerning the Cookie Jar's reputation for violence was introduced during the testimony of the appellant and the testimony of Officer Ron Edwards and James Neal. Therefore, the appellant failed to suffer any prejudice through the trial court's ruling. Rule 45, A.R.A.P.
 IV
The appellant contends that the trial court erred in denying his motion for a new trial on the grounds that he did not receive a fair trial because a juror falsely answered certain questions during the voir dire. Specifically, the appellant argues that one of the jurors gave a false response to the question of whether any members of the venire knew the victim. During the hearing on the motion for new trial, the juror testified that he "knew of" the victim because he lived in the same area. The juror further indicated that he did not come forward because he felt that he could "give a fair and impartial judgment." However, the failure of a prospective juror to respond properly to a question does not automatically entitle a party to a new trial or reversal of the cause on appeal. Freeman v. Hall, 286 Ala. 161,238 So.2d 330, 335 (1970). "The proper inquiry by this court in such cases is whether the appellant's rights were prejudiced by the juror's failure to respond properly."Beauregard v. State, 372 So.2d 37 (Ala.Cr.App. 1979), cert. denied, 372 So.2d 44 (Ala. 1979), and cases cited therein. Bufford v. State, 382 So.2d 1162,1172 (Ala.Cr.App.), cert. denied, 382 So.2d 1175 (Ala. 1980). See also Ex parte O'Leary, 438 So.2d 1372, 1375
(Ala. 1983). The record fails to show any possible prejudice to the appellant. Hurst v. State, 469 So.2d 720, 724
(Ala.Cr.App. 1985) (wherein a member of the venire failed to reveal on voir dire that he knew the wife of the deceased).
AFFIRMED.
All the Judges concur.