TYSON, Judge.
This is an appeal from the denial of a habeas corpus petition by the circuit court following an amendment to the petition and a full evidentiary hearing being conducted thereon.
The factual and legal background under which this case arises is well stated in the brief of the attorney general on appeal, which is here quoted:
“On November 20, 1987, Appellant was incarcerated as result of being found guilty on two D.U.I. charges (case numbers CC-87-046 and CC-87-047). On May 17, while still incarcerated, Appellant was found guilty of negotiating a worthless negotiable instrument (case number CC-86-065). Pursuant to this verdict Appellant received a one year sentence with three months of that sentence suspended and replaced with two years probation. Subsequently, on June 7, 1988, Appellant gave an oral notice of appeal, and the Court set the amount of the appeal bond at $5,000. The court also suspended the sentence, pending the outcome of the appeal. On November 30, 1988, appellant was found guilty of assault in the third degree, and was then sentenced to one year in the county jail on December 15, 1988.
“On April 17, 1989, appellant was released. Soon thereafter, on May 16, 1989, the Alabama Court of Criminal Appeals affirmed the conviction in case number CC-86-065 (the worthless negotiable instrument conviction). Two weeks later, on May 30, 1989, the Court of Criminal Appeals affirmed the assault conviction of November, 1988. Pursuant to these convictions, a writ of arrest was issued on December 14, 1989, and executed on February 26, 1990.
“Appellant filed a petition for habeas corpus on August 7, 1990. In denying this petition, the circuit court held: (1) the defendant was not entitled to incentive good time because, as a county prisoner, he was not covered under § 14-9-41, (2) the defendant was not prejudiced by the inexplicable failure of the circuit clerk to promptly issue writs of arrest pursuant to the affirmances of the verdicts by the Court of Criminal Appeals, and (3) the defendant was not prejudiced by the failure of the circuit clerk to perform his duties by approving or disapproving the appeal bonds because appellant received penalty-free time away from prison as a result of these mistakes.”
From the above situation, three issues are presented for review and we quote from the brief of the attorney for the appellant:

“ISSUES PRESENTED

“Issue #1: The main issue to be resolved is whether a county inmate who is sentenced to serve county jail time, which is not hard labor, is entitled to incentive good time pursuant to Section 14-9-41, Code of Alabama, 1975, and if he is not, does this Section not violate the *110 equal protection, due process and discriminatory clauses of the United States Constitution as applied to the States through the Fourteenth Amendment?
“Issue #2: Can a Sheriff deny a prisoner incentive good time or take away his classification without giving the prisoner written disciplinary reports or notices and without having given a prisoner an opportunity to be heard in a due process proceeding concerning any alleged infractions?
“Issue #3: Is an inmate who has been released on an appeal bond which is not approved by the Circuit Clerk still in the custody of the Sheriff and, therefore, entitled to credit for any time he is out on the ineffective bond toward his sentence, and further, is he entitled to credit for the Circuit Clerk’s failure to timely issue Writs after affirmance of the appeals and the Sheriffs failure to arrest him?”
The circuit judge, following the hearing, entered an extensive order, which is hereinafter quoted:
“STATE OP ALABAMA “IN THE CIRCUIT COURT OF "VS. WASHINGTON COUNTY,
"AVEN COTTON, alias CRIMINAL ACTION NOS.
“HENRY HANK OWENS, CC-88.061 & CC-88-065.1 “Defendant

“ORDER

“These causes came on to be heard on the 31st day of July, 1990, on the Petition for Writ of Habeas Corpus and on August 7, 1990, on the Amended Petition for Writ of Habeas Corpus filed by the defendant. The State of Alabama was represented by Assistant District Attorney A. MICHAEL ONDERDONK, and the defendant was personally present in open court and represented by his court-appointed counsel, JERRY L. TURNER. Testimony was taken and evidence was presented, and the Court makes the following findings of fact in these cases:
“1. That this Court has no jurisdiction relative to the sentences imposed in the Circuit Court of Washington County, Alabama, in Case Nos. CC-87-046 and CC-87-047, in that said causes have final judgments entered by Circuit Judge J. Richmond Pearson; and further, by Order dated the 19th day of December, 1988, Judge Pearson heretofore ruled on the defendant’s Petition for Writ of Ha-beas Corpus filed in said causes and entered a judgment, which is final, and from which the petitioner could have perfected an appeal;
“2. That it appears that the defendant was incarcerated pursuant to the sentences in Case Nos. CC-87-046 and CC-87-047 until the 17th day of April, 1989, when he was released by William J. Wheat, Sheriff, Washington County, Alabama;
“3. That in Case No. CC-86-065 in the Circuit Court of Washington County, Alabama, a jury found the defendant guilty of the offense of Negotiating a Worthless Negotiable instrument on the 17th day of May, 1988. That in Case No. CC-86-065, the defendant was sentenced to serve one (1) year in the county jail of Washington County, Alabama. The defendant was ordered to serve nine (9) months of said one (1) year sentence in the said county jail and the remaining three (3) months were suspended and the defendant was placed on probation for a term of two (2) years, said probation for a term of two (2) years, said probation being conditioned upon the defendant paying restitution to the injured party in the sum of Four Hundred Ninety Eight and 19/100 Dollars ($498.19) and his paying the court costs, including his court-appointed attorney's fee. The defendant gave oral notice of appeal on June 7, 1988, and the Court set the amount of the defendant’s appeal bond at the sum of Five Thousand Dollars ($5,000). The said appeal bond was conditioned upon approval of the bond by the Circuit Clerk of Washington County, Alabama. Further, the Court ordered that the execution of the said sentence be suspended pending the outcome of the defendant’s appeal to the Court of Criminal Appeals of the State of Alabama.
“The next material filing in the cause is an appeal bond which admittedly was executed by the defendant and two (2) sureties in the sum of Five Thousand *111 Dollars ($5,000.00), but was not approved in writing by the Circuit Clerk.
“Next, it appears that on the 16th day of May, 1989, the said decision of the Circuit Court was affirmed by the Court of Criminal Appeals of the State of Alabama (1 Div. 826). Thereafter, the Circuit Clerk of Washington County, Alabama, issued a writ of arrest pursuant to the said affirmance by the Court of Criminal Appeals on the 14th day of December, 1989. The said writ of arrest was not executed until February 26, 1990, when the defendant was arrested and incarcerated in the county jail of Washington County, Alabama, pursuant to the order whereby he was sentenced to serve nine (9) months of his one (1) year sentence in the county jail of Washington County, Alabama. [Emphasis added]
“4. That in Case No. CC-88-061 in the Circuit Court of Washington County, Alabama, the defendant was indicted by the Grand Jury of Washington County, Alabama, for the offense of Assault in the First Degree. On the 30th day of November, 1988, the defendant was found guilty by a jury of the offense of Assault in the Third Degree, and the Court entered judgment adjudging the defendant guilty of said offense. Subsequently, on the 15th day of December, 1988, the defendant was sentenced to serve the term of one (1) year in the county jail of Washington County, Alabama, as punishment in this cause. On said date, the defendant gave oral notice of appeal, and the Court set the amount of his appeal bond at Five Thousand Dollars ($5,000.00) conditioned upon approval of said bond by the Circuit Clerk of Washington County, Alabama. Execution of the sentence imposed was suspended pending the outcome of defendant’s appeal to the Court of Criminal Appeals of the State of Alabama. The record reflects that an appeal bond was filed which was executed by the said defendant and two (2) sureties, but that said bond was not approved by the Circuit Clerk. On the 30th day of May, 1989, the Court of Criminal Appeals of the State of Alabama affirmed the decision of the Circuit Court (1 Div. 893). Thereafter the Circuit Clerk issued a writ of arrest on the 14th day of December, 1989, and pursuant to said writ of arrest, the defendant was incarcerated in the county jail of Washington County, Alabama, on February 26, 1990;
“5. That the defendant was not prejudiced by the failure of the Circuit Clerk to perform his ministerial duties of either approving or disapproving the said appeal bonds in these cases, because, in fact, the defendant was released from the Washington County jail and was not incarcerated therein pursuant to writs of arrest in either of these causes; i.e., Case Nos. CC-86-065 and CC-88-061, until February 26, 1990;
“6. Further, the defendant was not prejudiced by the inexplicable failure of the Circuit Clerk to issue writs of arrest immediately pursuant to affirmances by the Court of Criminal Appeals of the State of Alabama. For, again, the defendant was not incarcerated and/or imprisoned;
“7. That both sentences in Case Nos. CC-86-065 and CC-88-061 were to the county jail of Washington County, Alabama. Section 14-9-41 of the CODE OF ALABAMA 1975, refers to the granting of incentive good time when a prisoner is sentenced to ‘... the penitentiary or at hard labor for the county or in any municipal jail for a definite or indeterminate term, other than for life...’ See Cartwright vs. State, 466 So. 2d 1023 (Ala.Cr.App.1985);
“8. That beginning on the 26th day of February, 1990, the defendant has to serve one (1) year in the county jail of Washington County, Alabama, as punishment for the conviction in Case No. CC-88-061, and additionally, the defendant has to serve nine (9) months of his one (1) year sentence in Case No. CC-96-065 in the county jail of Washington County, Alabama. At the termination of the twenty-one (21) month period subsequent to February 26, 1990, the defendant will be placed on probation for a term of two (2) years for the remaining three (3) *112 months of his suspended sentence in Case No. CC-86-065;
“9. To recapitulate, the defendant was not incarcerated in the county jail of Washington County, Alabama, for sentences imposed in Case No. CC-88-061 and/or CC-88-065 from April 17, 1989, until February 26, 1990; that the defendant started serving his sentences in Case Nos. CC-88-061 and CC-86-065 on the 26th day of February, 1990. That the defendant is not entitled to any Correctional Incentive Time. That a writ and/or writs of habeas corpus in these cases releasing the defendant from his incarceration in the county jail of Washington County, Alabama, not be issued; “It is, therefore, ORDERED, ADJUDGED, and DECREED as follows: “1. That the defendant’s Petition for Writ of Habeas Corpus, and as last amended, be and the same is, denied in Case No. CC-86-065;
“2. That the defendant’s Petition for Writ of Habeas Corpus, and as last amended, be and the same hereby is, denied in Case No. CC-88-061.
“DONE this 13th day of August, 1990.
“/s/ Hardie B. Kimbrough, Presiding Judge
“First Judicial Circuit of Alabama
“DISTRIBUTION:
“Defendant
“District Attorney
“Sheriff
“Court file” (R. 10-15)
I
The appellant contends that Judge Kimbrough’s order denying him incentive good time credit under § 14-9-41, Code of Alabama 1975, as amended, was erroneous and violated his equal protection of law and due process rights. This argument is made indicating that “there is no apparent justification for discriminating against a distinctive class of inmates such as county inmates and denying them the rights and privileges which the law provides for state, county hard labor and municipal inmates.”
As the State properly points out in its brief, this issue is fully covered in this court’s opinion in Cartwright v. State, 466 So.2d 1023 (Ala.Crim.App.1985). In Cartwright, this court pointed out that a “county prisoner” was not eligible for the incentive good time credit. This is, of course, a distinction between a “county prisoner” and a “county prisoner at hard labor for the county.” We adhere to our prior opinion in Cartwright and affirm the trial court on this issue.
II
As also noted in the State’s brief, the appellant contends he was denied due process because he was deprived of good time when he never received any written notices of any disciplinary infractions or violations from the sheriff of Washington County. As the State correctly points out under Cartwright, this appellant was not entitled to receive notice of disciplinary infractions because, under the sentence he was serving, he was not entitled to good time credit under § 14-9-41, Code of Alabama 1975, as amended.
Clearly, as the State points out, he was not entitled to good time credit while he was out on appeal bond from April 17, 1989, until February 26, 1990. Since the appellant was not in custody, he was not eligible to be earning good time credit.
Moreover, the appellant had previously raised the issue of whether he was entitled to good time credit for the two cases which he had already served, that is, cases Nos. CC-87-046 and CC-87-047, because this issue had already been determined in a previous State habeas corpus proceeding which had been determined adversely to this appellant. As noted in the order in the instant case, the appellant did not appeal that prior habeas corpus proceeding.
III
Finally, the appellant argues that error was committed when the sheriff released the appellant on April 17, 1989, on bond, which, through no fault of the appellant, had not been approved by the clerk, *113 and therefore that he should be given credit for incentive good time for any time served, even though he was not incarcerated; the appellant argues that he was still legally in the custody of the sheriff. The State points out that the appellant has failed to support this argument by citation to legal authority.
In view of the foregoing, this court is of the opinion that this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.