(77 South. 983)

## DILBURN v. STATE. (1 Div. 262.)

(Court of Appeals of Alabama. Feb. 5, 1918.)

1. HOMICIDE ⬅276—INSTRUCTION INVADING PROVINCE OF JURY.

In prosecution for murder, giving of instruction that defendant would not be justified in using a deadly weapon if struck by the fist, or any other assault which would not likely cause serious bodily harm, was error, as it told the jury that defendant was not justified, and that a blow struck by the fist was not likely to cause serious bodily harm; the very question to be determined by the jury.

2. HOMICIDE ⬅116(2)—JUSTIFICATION.

The killing of one who is the assailant must be under a reasonable apprehension of loss of life, or of great bodily harm, and the danger must appear to be so imminent at the moment of the assault as to present no alternative of escaping its consequences except by resisting.

3. HOMICIDE ⬅276 — JUSTIFICATION—QUESTION FOR JURY.

In a prosecution for murder, whether under the evidence defendant was in imminent and manifest danger of losing his life or suffering grievous bodily harm, or whether it so appeared to the mind of a reasonable man, was a jury question.

4. CRIMINAL LAW ⬅643 — TRIAL — SPECIAL STENOGRAPHER—RECORD.

Where the court makes use of another than the official stenographer, the record should show his special appointment, and that he qualified as required by law.

Appeal from Circuit Court, Monroe County; A. B. Foster, Judge.

Hiram M. Dilburn was indicted on a charge of murder in the first degree, was convicted of murder in the second degree, and from the judgment he appeals. Reversed and remanded.

Hare & Jones, of Monroeville, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. [1, 2] The trial judge in his oral charge charged the jury:

"He [the defendant] would not be justified in using a deadly weapon if struck by the fist, or any other assault which would not likely cause serious bodily harm."

This was in effect charging the jury that under the evidence the defendant was not justified in using a deadly weapon, and that the blow struck by the fists was not likely to cause serious bodily harm, which was the very question then being submitted to the ju-

---

ry. The rule is that the killing of one who is the assailant must be under a reasonable apprehension of loss of life or of great bodily harm, and the danger must appear to be so imminent at the moment of the assault as to present no alternative of escaping its consequences except by resisting. Scales v. State, 96 Ala. 77, 11 South. 121. It was said in Shorter's Case, 2 N. Y. 194, 51 Am. Dec. 286, "When a man is struck with the naked hand, and has no reason to apprehend a design to do him great bodily harm, he must not return the blow with a dangerous weapon," and this expression was quoted with approval in the Scales Case, supra.

[3] But it is a question for the jury to satisfy itself from all the evidence in the case whether or not the defendant was in imminent and manifest danger either of losing his own life or of suffering grievous bodily harm, or that it appeared so to the mind of a reasonable man. 3 Greenl. Ev. § 116. That part of the oral charge of the court excepted to was in conflict with the foregoing views, and for that error the judgment must be reversed.

[4] The other questions raised will probably not arise on another trial, but for the guidance of trial courts in such matters, we may say that where the official stenographer is absent, or for other reasons is disqualified, and the court makes use of another stenographer, the record of the court should show his special appointment and that he qualified as required by law.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.