(78 South. 633)

ELLIOTT v. STATE.   (8 Div. 584.)

(Court of Appeals of Alabama.   April 9, 1918.)

1. CRIMINAL LAW ⬅️763, 764(23) — INSTRUCTIONS — SELF-DEFENSE — WEIGHT OF EVIDENCE. ·

In a prosecution for murder, where defendant set up self-defense, in that deceased assaulted and was beating him viciously, instruction that such beating would not justify the use of a deadly weapon in resisting the assault was erroneous, as being upon the weight of the evidence.

2. HOMICIDE ⬅️276—SELF-DEFENSE—USE OF DEADLY WEAPON—JURY QUESTION.

Where deceased, a young and vigorous man, assaulted accused, an aged and crippled man, with vicious and terrible blows, it could not be said as a matter of law that such blows were not calculated to make it appear to a reasonable man and to defendant that he was in imminent and manifest danger of death or grievous bodily harm.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

S. D. Elliott was convicted of murder in the second degree, and he appeals. Reversed and remanded.

C. L. Price, of Albany, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was tried under an indictment charging murder in the first degree, was convicted of murder in the second degree, and sentenced to the penitentiary for a term of 10 years.

The statement of facts contained in the brief of the Attorney General representing the state, in this court, appears to be borne out by the testimony, as shown in the bill of exceptions, and is as follows:

"Sandy Elliott, appellant, who was an aged and badly crippled old negro, ran a negro hotel or boarding house. Lewie Irwin, deceased, was a young man about 29 years old, and was in good physical condition. A difficulty which resulted in the death of Irwin took place in the lobby of a moving picture show, about 10:30 o'clock at night. A short time prior to the difficulty, Irwin and others had been arrested at Elliott's hotel at the instance of Elliott, and charged with crap shooting or some similar offense, and Irwin had made threats against old man Elliott on this account, which had been communicated to him. On the night of the tragedy, Elliott had gone to the picture show to get his son, who was attending a performance there, and remained at the place some time to permit his son to see the performance longer. The testimony tends to show that old man Elliott accosted deceased in a friendly manner in the lobby of the theater, and that shortly thereafter deceased struck and beat the old man very vigorously. The testimony for the state tends to show that the participants in this fight were separated, and that this difficulty came to an end prior to the shooting. The testimony for the appellant, however, is quite to the contrary, he contending that there was but one fight which terminated in the final shot; that Lewie Irwin assaulted and beat him, knocking him down and shooting him with a pistol in the arm; that thereupon the appellant produced his pistol and fired upon his assailant, inflicting a mortal wound."·

The tendency of the evidence in this case shows that there was but one difficulty, and that it was continuous from the time the defendant spoke to deceased until the fatal shot was fired. The undisputed testimony also discloses the fact that the defendant had reported deceased to the officers of the law for drinking and gambling in a public place, and that deceased, on being informed by the arresting officer that Elliott (defendant) was the man who "turned them up," said, "The·

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[2] Ante, p. 360.

s—— of a b—— will not turn up any more after I get through with him," and to the same officer made other threats against the defendant, to the effect that he would fix him the first time he got the opportunity. On another occasion, the deceased went to the home of the defendant and made threats of a similar character against him. And the evidence is without dispute that on the night of the difficulty the deceased, who was inside of the picture show, got up and went out into the lobby as soon as the defendant went into the picture show for his son, and the deceased waited outside until the defendant appeared, whereupon the difficulty immediately commenced. The state's own witness Sykes testified that the deceased had hold of defendant and was hitting him some terrible blows in the face, and that as he (witness) was trying to separate them, the defendant was begging him and was saying, "Please don't let him beat me this way," etc. The deceased was a stalwart young man in his prime, strong and vigorous; the defendant, as shown by the undisputed testimony and by the judgment entry of the court, was an old man, a cripple, and otherwise afflicted.

[1] Under all the conditions, we are of the opinion that there is merit in the exception reserved to that part of the oral charge, wherein the court said:

"If you believe from the evidence that the defendant shot Lewie Irwin because Lewie Irwin was beating him with his fist, that would not justify the use of a deadly weapon in resisting that assault"

—as it was not only a charge upon the effect of the evidence, but was also in conflict with the rule of law as announced in the case of Hiram Dilburn v. State, 77 South. 983, present term. In that case, the trial judge in his oral charge charged the jury:

"He [the defendant] would not be justified in using a deadly weapon if struck by the fist, or any other assault which would not likely cause serious bodily harm."

In passing upon this question, the court said:

"This was in effect charging the jury that under the evidence the defendant was not justified in using a deadly weapon, and that the blow struck by the fists was not likely to cause serious bodily harm, which was the very question then being submitted to the jury. The rule is that the killing of one who is the assailant must be under a reasonable apprehension of loss of life or of great bodily harm, and the danger must appear to be so imminent at the moment of the assault as to prevent any alternative of escaping its consequences, except by resisting."

[2] In the instant case, the marked disparity in the relative physical strength of the two men, as shown by the evidence, makes it manifest that it cannot be said as a matter of law that the "vicious, terrible blows" inflicted by the vigorous young man (deceased) upon the old afflicted crippled man (defendant) were not calculated to make it appear to a reasonable man and to defendant

16 ALA.APP.—30

that he was in imminent and manifest danger either of losing his own life or of suffering grievous bodily harm, or that it appeared so to the mind of a reasonable man. 3 Greenl. Ev. § 116; Dilburn v. State, supra; Scales v. State, 96 Ala. 77, 11 South. 121. Other questions presented by this appeal need not be considered, as they probably will not arise on another trial of this case.

Reversed and remanded.