172 So. 344

## DAVIS v. STATE.

8 Div. 766.

Supreme Court of Alabama.

Dec. 3, 1936.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

Henry D. Jones, of Florence, for respondent.

FOSTER, Justice.

In his opening argument the solicitor referred to the fracas by saying: "These two negroes were on him, referring to Leon Elkins, and the solicitor further said that the jury should deal harshly with such cattle, (referring to the defendant)." Upon objection being made to a reference to defendant as a "negro" and "cattle," and motion for a mistrial, the court overruled the motion for a mistrial, but admonished the jury in these words: "But, gentlemen of the jury, don't let the remark of the solicitor influence you one way or another in reaching a verdict in this case when he makes any reference to the defendant being a negro or colored or anything of that

kind. Justice is blind and I want you to try this defendant just as you would a white man and give him all the rights he is entitled to, or any other man similarly situated would be entitled to. Don't let his color influence you in any way."

The solicitor then said: "The defendant himself brought out that it was a negro fight.

"By Mr. Jones: I move to exclude that statement in the solicitor's argument that the defendant brought out it was a negro fight, and I again move the court to declare a mistrial of this case on account of the solicitor continually referring to the defendant as a negro.

"Court: Overruled.

"Mr. Jones: We except.

"Mr. Hutson: Mr. Jones brought out it was a negro fight.

"Mr. Jones: We object.

"Court: Overruled.

"Mr. Jones: We except. I object every time he refers to him as a negro."

It appears that defendant was a negro, and he and another negro were fighting when Elkins, a white man, interfered. Elkins claimed that defendant then made an attack on him, which is the basis of this prosecution.

 It is not every reference to a defendant as a negro, when he is a negro, that would be improper, though the charge was for an attack on a white man. It should appear that it was so made as to emphasize the difference in races, and thereby to appeal to race prejudice. Owens v. State, 215 Ala. 42, 109 So. 109. As said in Moulton v. State, 199 Ala. 411, 74 So. 454, the incidents of the trial and its surroundings are important to interpret the probable effect of such remarks and their appeal.

We said in Beaird v. State, 219 Ala. 46, 121 So. 38, 41: "The court must control the trial so that adverse sentiments shall not be so prominent as to create prejudice against defendant, and this court should review such rulings with the presumptions all in favor of the action of the trial court." This of course applies to reviews by the Court of Appeals.

The trial court knew all the side plays and surroundings not shown by the record, including the emphasis of expression and the manner exhibited in the references to defendant as a negro. Unless there is something to show that the remarks were prejudicial and not sufficiently eradicated, if capable of being eradicated, the discretion exercised by the trial court should not be disturbed.

As in the Owens Case, supra, so in this, there is nothing to illustrate the probable effect of the remarks of the solicitor as prejudicial, when considered in the light of the admonition of the judge.

We do not see that the trial judge exercised his discretion to the prejudice of the defendant by the rulings made under the circumstances here shown and above set out in detail.

Writ granted. Reversed and remanded.

All the Justices concur, except ANDERSON, C. J., who thinks the opinion of the Court of Appeals is not such as is reviewable by this court on account of the limited review outlined in Postal Tel.-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.