13 So.2d 776

### STERRETT v. STATE.

6 Div. 959.

Court of Appeals of Alabama.

April 20, 1943.

Rehearing Denied May 11, 1943.

162

Beddow, Ray & Jones, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The two principals in this case had been friends for many years, and there had never existed any hard feelings between them until the day of the unfortunate difficulty which ended in the death of the deceased named in the indictment as a result of one blow with a knife by the defendant. The controversy was the result of a trivial matter, but it appears from the evidence that the deceased took offense at some remark of the defendant early in the morning of the day of the difficulty which occurred in the afternoon about 6 o'clock after the day's work was over. The fact that deceased did take offense, where manifestly no offense was intended by defendant, as shown by the evidence, is apparent from the statement made by the deceased to several witnesses that he would see Sterrett (defendant) when they returned to Overton that afternoon. Pursuant to this remark, as testified to by several witnesses, both State and defendant; upon arriving at Overton that afternoon the defendant and a number of other miners, alighted from the truck and the defendant started for his home some distance away, with his lunch bucket on his arm and a pipe in his mouth, and deceased called to defendant and said (as testified to by some of the witnesses), "hold on there Mr. Sterrett, you can't talk to me like you did this morning and get by with it, and Mr. Sterrett says 'hold on Buddy, let me talk, we can settle this without any trouble,' and he (Savage) says 'I am going to whip you' and he hit him with his right hand first and bloodied his ear, and his left hand next, and he came back with his right again, and as he drew back to get that lick in, Mr. Sterrett struck him." The testimony also tends to show that Savage (deceased) was a large and stalwart man, larger and younger than defendant, and that the blows struck by deceased brought blood from defendant's ear and knocked him to his knees, and at that time defendant in a reclining position with his bucket on his arm and his pipe in his mouth, struck deceased with a knife, as hereinabove stated, whereupon deceased said somebody go get my daddy's gun.

Upon the trial of this case a large number of witnesses, both for the State, and for the defendant, were examined, practically all of whom were friendly to each of the principals, and it is clearly apparent, with but one or two exceptions, that the witnesses testified without bias, or ill will. In all of this testimony there appears nothing to show, or tending to show, that the defendant fought willingly or that he said or did anything which tended to provoke or bring on the difficulty, and that he was wholly free from fault in this connection. To the contrary it affirmatively appears that the defendant did everything in his power to avert the difficulty and that the belligerent utterances, acts, and conduct of the deceased were the sole cause of the unfortunate affair.

The trial in the court below resulted in the conviction of defendant of manslaughter in the first degree and his punishment fixed at imprisonment in the penitentiary for three years.

This case, upon submission in this court, was forcefully argued by appellant's counsel, and copious briefs have been here filed. There are numerous insistences of error, all of which also appear to be made the basis of the motion for a new trial, in addition to being properly presented in the bill of exceptions. Hence, a decision upon the action of the trial court in overruling and denying the motion for a new trial, to which action exception was duly and legally reserved, will be conclusive of this appeal.

In the case at bar the appellant contends that the deceased was wholly at fault in bringing on the fatal difficulty. Also that the evidence shows without dispute that the defendant was not expecting a difficulty, did not seek a difficulty, and was being beaten when he first realized what confronted him. The defendant invoked the doctrine of self-defense. The trial judge in his oral charge to the jury in this connection used the following language:

"A plea of self-defense is not available to him who is not free from fault in creating the necessity to take the life of another. When the evidence tends to show that there was a pressing necessity, a pressing present necessity, on the part of the defendant to take life, and that there was no reasonable mode of escape, the burden is on the State to show by the evidence that the defendant was at fault in bringing on the difficulty."

After the oral charge was given to the jury by the trial court, the defendant offered Charge 7 in writing in the following language, which the court refused: "Charge 7. I charge you that the burden is on the State to prove from the evidence beyond all reasonable doubt, that the defendant was not free from fault in bringing on the difficulty."

■ It is the contention of the appellant that the evidence which proves the homicide also proves the excuse or justification for the defendant to strike in self-defense. The trial judge in the oral charge above quoted stated the law correctly with one exception. Said the court "the burden is on the State to show by the evidence that the defendant was at fault in bringing on the difficulty." But the trial court over-

looked the important fact of the degree of burden of proof. The refused Charge Number 7 calls the error to the attention of the court and shows that the court left out the important phrase "beyond all reasonable doubt," which shows that the oral charge was erroneous in that respect.

■ Charge 7 properly stated the law. Its refusal was error.

■■ It is the law, as insisted, in homicide cases resulting from assaults, if the jury have a reasonable doubt as to whether or not the accused is justified in taking the life of the deceased in defending himself from assault, it is the duty of the jury to acquit the accused. On this proposition defendant requested charge number 20, which was refused. Said charge reads as follows: "The court charges the jury that it is the law that defendant had a right to protect himself from real or reasonably apparent felonious assault upon himself by the deceased, and if, on considering the evidence or any part of it, when considered with the whole evidence, you have a reasonable doubt as to whether defendant was justified in taking the life of deceased in defending himself from such assault, it would be your duty to acquit him."

This proposition of law is not fairly and substantially covered by the oral charge, or by charges given at request of defendant. Its refusal was also error. Terry v. State, 17 Ala.App. 727, 86 So. 127.

■ In proper cases a defendant has a legal right to act and protect himself from apparent peril or harm, even though no great bodily harm may have been actually intended toward him.

■ In the case at bar it is insisted and the record appears to bear out the insistence "that the appellant was the object of a vicious attack by the deceased. Suddenly and without provocation the deceased landed a right and a left to the head of the appellant, and some of the witnesses testified that the defendant fell to his knee. The defendant states that his head was swollen from blows and that his hearing was disturbed; blood came from his ear. It was more than a threatened assault. It was a sudden assault delivered with great vigor. We might say it was a vicious assault made on the defendant by the deceased." The cases of Kennedy v. State, 140 Ala. 1, 37 So. 90; and Caldwell v.

State, 160 Ala. 96, 49 So. 679, are cited in this connection.

In the Kennedy case, supra, our Supreme court approved charge 1, which reads as follows [140 Ala. 1, 37 So. 91]: "If the defendant shot under a bona fide belief that his life was in danger, and had had, under all the circumstances, reasonable cause to believe he was in imminent danger at the moment the shot was fired, it would be immaterial whether there was such actual danger or not."

Likewise in the case of Caldwell v. State, supra, our Supreme Court held that the refusal of charge 5 in that case was error. Said charge reads as follows: "If the defendant cut Parsons under a bona fide belief that he was in impending danger to life or limb, and that he had under all the circumstances reasonable cause to believe that he was in imminent danger at the time the cutting was done, it would be immaterial whether there was such danger or not."

In the case at bar the trial judge refused charge numbered 5, which reads as follows: "I charge you, gentlemen of the jury, that if you believe from all the evidence in this case, that the defendant honestly believed he was in imminent peril, or liable to receive great bodily harm from deceased, then I charge you that the defendant had a legal right to act and protect himself from such apparent peril or harm, even though no great bodily harm may have been actually intended toward him."

The court, however, did give charge 19. Said charge properly states the law, but it appears to us that refused charge 5 and given charge 19 are supplementary and when read together could not be misunderstood by the jury. Charge 5 should have been given.

■ The earnest insistence of appellant to the effect that he was, under all the evidence in this case, entitled to a directed verdict, and that the trial court erred in refusing the several charges, affirmative in their nature, cannot, in our opinion, be sustained as being in conflict with the rule and proposition of law announced in our case of Dilburn v. State, 16 Ala.App. 371, 77 So. 983. This Dilburn case as to facts was very similar to the case at bar. In said case this court said:

"The trial judge in his oral charge charged the jury:

" 'He (the defendant) would not be justified in using a deadly weapon if struck by the fist, or any other assault which would not likely cause serious bodily harm.'

"This was in effect charging the jury that under the evidence the defendant was not justified in using a deadly weapon, and that the blow struck by the fists was not likely to cause serious bodily harm, which was the very question then being submitted to the jury. The rule is that the killing of one who is the assailant must be under a reasonable apprehension of loss of life or of great bodily harm, and the danger must appear to be so imminent at the moment of the assault as to present no alternative of escaping its consequences except by resisting. Scales v. State, 96 Ala. [69], 77, 11 So. 121. It was said in Shorter's case, [Shorter v. People], 2 N.Y. [193], 194, 51 Am.Dec. 286, 'When a man is struck with the naked hand, and has no reason to apprehend a design to do him great bodily harm, he must not return the blow with a dangerous weapon,' and this expression was quoted with approval in the Scales case, supra.

"But it is a question for the jury to satisfy itself from all the evidence in the case whether or not the defendant was in imminent and manifest danger either of losing his own life or of suffering grievous bodily harm, or that it appeared so to the mind of a reasonable man. 3 Greenl.Ev. § 116. That part of the oral charge of the court excepted to was in conflict with the foregoing views, and for that error the judgment must be reversed."

On the question of the motion for a new trial in this case, in addition to what has been hereinabove stated, we have given consideration also to the undisputed evidence which tended to show by innumerable witnesses that this appellant, defendant below, was a man who had always borne an exceptionally good general character, as well as such a character for peace and quiet. This testimony was given by several ministers of the gospel, and by numerous other witnesses manifestly of high standing. As stated, all this was without dispute or conflict.

■ Also, the fact there was no testimony showing or tending to show any motive upon the part of the accused to take the life of deceased. To the contrary it affirmatively appears, from the evidence adduced upon the trial, and as stated hereinabove, the defendant in no manner said or did anything which tended to provoke or bring on the difficulty, but did everything

in his power to avoid it. All this, in connection with what has been already said, convinces this court that error prevailed in the action of the trial court in overruling and denying defendant's motion for a new trial.

Reversed and remanded.