114 So.2d 250

**George COSBY**

**v.**

**STATE of Alabama.**

**8 Div. 965.**

Supreme Court of Alabama.

Aug. 20, 1959.

Thos. G. Steele and Wm. B. Sherrill, Athens, for appellant.

MacDonald Gallion, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

Appellant was indicted, tried and convicted of murder in the first degree and his punishment fixed at life imprisonment. He has appealed to this court.

Although assignments of error were not necessary, appellant has noted them and they are helpful in our study of the case. These assignments raise the only questions meriting treatment so we will limit discussion to them.

Assignment of error 24 predicates error on the refusal of the trial court to grant appellant's motion for a mistrial. During the solicitor's examination of Josie Grigsby, witness for the State, the following occurred:

"Q. Now, did George [appellant] and Darden and Price [deceased] do some drinking while at your house? A. Yes, sir, they was.

"Q. They did some drinking and did they appear to be drunk? A. They didn't act like that. The only thing I notice about George, his face turned red.

"Q. His face turned red. His face is kinda white now?"

Appellant objected and the court stated, "That's out". Thereupon appellant made a motion for a mistrial which was overruled and the trial court instructed counsel to be cautious in their imputations. Counsel for appellant argues that appellant is a light-skinned Negro and that the above remark of the solicitor constituted an appeal to race prejudice. The victim, Price Bridgeforth, deceased, was also a Negro.

The law guarantees to every defendant, white or Negro, a fair and impartial trial, free from undue appeals to prejudice or other improper motive. Tannehill v. State, 159 Ala. 51, 48 So. 662; Williams v. State, 25 Ala.App. 342, 146 So. 422; Harris v. State, 22 Ala.App. 121, 113 So. 318. "Justice is blind, says the law, and in her judgment must see no man, color, race, or condition." Jones v. State, 21 Ala.App. 234, 109 So. 189, 191.

It is most doubtful that the remarks complained of could be construed as an appeal to race prejudice, but the trial court excluded them anyway and we are not willing to say that they were of such a nature as to require the granting of a mistrial. Owens v. State, 215 Ala. 42, 109 So. 109; Davis v. State, 233 Ala. 202, 172 So. 344; Johnson v. State, 35 Ala.App. 645, 51 So. 2d 901, see also Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80.

Assignments of error 22 and 23 are predicated on comments by the trial court. It appears that the State was attempting to impeach the defendant as a witness by the following questions propounded to him:

"Q. They convicted you in the Commonwealth of Kentucky for manslaughter, didn't they? A. Yes, sir.

"Q. And you got a sentence of several years for it?"

This latter question was not answered and the length of the sentence was never shown. To this question, however, appellant objected on the ground that the number of years would be immaterial and irrelevant and the court stated, "I don't think so. I think the number of years would have some weight." Appellant then asked the court to instruct the jury that the conviction was admitted solely for the purpose of impeaching the defendant's testimony as a witness and for no other reason. The court stated, "That's the law". At the conclusion of

the evidence the court also gave defendant's written requested Charge 61 which reads as follows:

> "I charge you that the only purpose for which you can consider the evidence of the prior conviction of this defendant is in determining whether or not you believe his testimony."

It is clear that reversible error on the part of the trial court in making the above complained of comment in the presence of the jury is not made to appear. Chambers v. State, 264 Ala. 8, 84 So.2d 342; Luker v. State, 39 Ala.App. 548, 105 So.2d 834; Ellis v. State, 244 Ala. 79, 11 So.2d 861; Latikos v. State, 17 Ala.App. 655, 88 So. 47.

Appellant can take nothing by assignment of error 21; his objection to the question was sustained; the question was not answered and the court admonished the solicitor. See Coats v. State, 253 Ala. 290, 45 So.2d 35; Woodard v. State, 253 Ala. 259, 44 So.2d 241; Adams v. State, 175 Ala. 8, 57 So. 591; see also Luker v. State, supra.

■ Appellant also urges error on the part of the trial court in overruling his objections to certain remarks made by the solicitor during his closing argument. Counsel for the State and the defendant are allowed considerable latitude in drawing their deductions from the evidence and the propriety of the argument of counsel depends upon the particular issues, facts and atmosphere of each case. Bryson v. State, 264 Ala. 111, 84 So.2d 785; Arant v. State, 232 Ala. 275, 167 So. 540; Brothers v. State, 236 Ala. 448, 183 So. 433. It is not clear from the fragmentary portion of the argument which appears in the record that the remarks complained of were made for purposes other than attacking the credibility of the defendant's testimony. The trial court instructed the jury that the only purpose for which the evidence of the prior conviction of the defendant could be considered was in determining whether or not they believed his testimony. Brothers v. State, supra. We cannot say, therefore, that the argument was so erroneous as to require a reversal. Mincy v. State, 262 Ala. 193, 78 So.2d 262; Pate v. State, 32 Ala. App. 365, 26 So.2d 214; Espey v. State, 31 Ala.App. 351, 17 So.2d 430.

■ Defendant also argues that the verdict is contrary to the great weight of the evidence. The essential elements of murder in the first degree in a case such as this are that the taking of life must have been willful, deliberate, malicious and premeditated. Code 1940, Tit. 14, § 314. These must concur and coexist. If a man intentionally shoots another with a gun or other deadly weapon, and death ensues, the law implies or presumes malice and a formed design to take life and it imposes upon the slayer the burden of rebutting this presumption by other proof, unless the evidence which proves the killing rebuts the presumption. Coats v. State, supra, Hornsby v. State, 94 Ala. 55, 10 So. 522; Brown v. State, 109 Ala. 70, 20 So. 103; Warren v. State, 34 Ala.App. 447, 41 So.2d 201.

> " 'Deliberate' and 'premeditated,' * * * means * * * that the slayer must intend before the blow is delivered, though it be for only an instant of time before, that he will strike at the time he does strike, and that death will be the result of the blow; or, in other words, if the slayer had any time to think before the act, however short such time may have been, even a single moment, and did think, and he struck the blow as the result of an intention to kill produced by this even momentary operation of the mind, and death ensued, that would be a deliberate and premeditated killing, within the meaning of the statute defining murder in the first degree." Daughdrill v. State, 113 Ala. 7, 32, 21 So. 378, 386.

After the intentional killing of the deceased by the defendant with a deadly weapon has been proved, the burden rests on the defendant to prove a pressing necessity on his part to take life in self-defense, unless this fact arises out of the evidence produced against him to prove the homicide. The onus, therefore, rests on the defendant, in such case to show that he could not safely retreat without increasing or apparently increasing his peril. Gibson v. State, 89 Ala. 121, 8 So. 98; King v. State, 233 Ala. 198, 171 So. 254; Underwood v. State, 179 Ala. 9, 60 So. 842.

With the foregoing legal principles as our guide we have studied the record in the instant case. Two witnesses to the shooting testified that the defendant and Price Bridgeforth, the deceased, were in the home of one Josie Grigsby; Price was sitting on the arm of the sofa and approximately ten feet from where the defendant was sitting; Price, contrary to the wishes of the defendant, plugged a TV set into the wall and defendant pulled an automatic pistol from his pocket and shot him. These witnesses also testified that Price had no weapon, that they did not hear him make any threats to the defendant and that Price did not "lay a hand" on the defendant. The defendant testified that he went over to unplug the TV and Price gave him a "stiff jab" and knocked him into a chair, that he (the defendant) pulled his pistol and shot Price. Defendant also testified that he saw that Price had no weapon but his hand. We are of the opinion that from the above evidence and all the other facts and circumstances shown by the transcript in the case, the jury was authorized to find appellant guilty of murder in the first degree.

We find no error to reverse.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur