DeCARLO, Judge.
Appellant was indicted by the grand jury of Covington County for the first degree murder of Willie J. Salter. He was convicted by a jury of the offense- of first degree manslaughter and sentenced to eighteen months.
The record reveals that at 11:00 P.M. on September 21,1979, appellant and two companions, O. D. Adams and Jimmy Hucka-bee, stopped at the Drip Rock Tavern in Covington County to have a drink and play pool. A pick-up truck belonging to the deceased, Willie T. Salter, was parked near the entrance to the tavern. Salter had the carcass of a rattlesnake in his truck, and, at some point during the evening, he threw the snake at appellant’s feet. Salter later put the snake on the car in which appellant was riding and refused to move it unless appellant paid him twenty dollars. Appellant and Salter argued about the snake and Salter went to his truck and picked up his shotgun. The evidence was in sharp conflict regarding what happened next.
Appellant testified that he was standing behind O. D. Adams and, as Salter began moving toward the two of them with his shotgun, Salter’s daughter began screaming “no, Daddy, no.” Salter then said, “I am killing that big bastard (appellant) behind him (O. D. Adams).” As appellant and O. D. Adams backed away from Salter, appellant fell on the ground and pulled out his gun. The testimony was in dispute regarding whether or not Salter fired at appellant before appellant shot and fatally wounded Salter.
I
Appellant maintains that the trial court erred in refusing the following requested charge:

“Defendant’s Charge No. 17

“The Court charges the jury that while threats alone will not serve as a justification for homicide, if the Jury believe *199 from the evidence that the deceased, at the time of the homicide was manifesting an intention to carry such threats into execution, by a positive act then done, or, that from the acts of the deceased at the time of the homicide, it would have appeared to a reasonable mind, under the circumstances, that the deceased was attempting to execute the threats against the Defendant, you may then consider the threats made by the deceased in justification of the homicide.”
The refusal of the identical charge was held to be error in Ex parte Traweek, 380 So.2d 958 (Ala.1979); Hunter v. State, 295 Ala. 180, 325 So.2d 921, and Karr v. State, 100 Ala. 4, 14 So. 851. An accused is entitled to the charge in question whenever some evidence of self defense has been offered and some testimony of a threat and its attempted execution has been presented. Ex parte Traweek, supra. In the instant case, it is clear that evidence of the deceased’s statement, “I am killing-that big bastard behind him,” and the deceased’s moving toward the appellant with a shotgun provide the proof necessary to entitle appellant to the requested jury instruction.
For the foregoing reason, the judgment of conviction by the Covington Circuit Court is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.