Andre King was convicted for the manslaughter of Charles Williams. Our review convinces us that the trial judge invaded the province of the jury in his oral refusal to charge on self-defense.
The trial judge improperly refused to instruct the jury on the law of self-defense.
The State proved that the defendant stabbed Williams after having threatened "to get him." The defendant's evidence proved that, sometime before the stabbing, Williams had "frightened" the defendant and attempted to provoke a fight. After this incident, which apparently involved the woman the defendant was to marry the next day, the defendant went to his home, armed himself with a butcher knife "for protection", and returned to the same neighborhood, although not the same house, where the initial confrontation had occurred.
The defendant was on a friend's front porch when he saw Williams, his fiancee, and two other persons walking down the street. The defendant called to his fiancee and then talked with her because he wanted "to find out what was what." When she told him she did not know and would talk to him tomorrow and walked off, the defendant called her a "tabbin".
Williams then came up the street toward the defendant and said, "I'm going to have to teach this nigger a lesson." Williams came up on the porch where the defendant was standing and the defendant told him to "leave me alone. * * * I don't want to fight."
Williams pushed the defendant, who, in return, pushed Williams. This occurred twice. The third time Williams pushed the defendant, the defendant pushed him off the porch. The defendant then pulled the butcher knife and told Williams to "get back" and to leave him alone. The defendant testified that Williams "come at me in a way to grab me, you know, around the waist because he sort of ducked down when he came at me." Before Williams touched him, the defendant stabbed Williams.
The defendant testified that he was afraid Williams might hurt him: "The way he was acting during the time, I figured he was going to cause me some harm." The defendant had "heard" that Williams was unarmed but testified that after he "pulled the knife out and [Williams] come at me anyhow, I figured he had a gun or something. * * * I didn't know what he had." *Page 319 
Although the defendant never saw Williams with any weapon, he said he "didn't know what he had." This incident was the first time Williams and the defendant "got into it."
In refusing to charge the jury on the law of self-defense, the trial judge stated:
 "Before there can be a charge of self defense, there must be a reasonable belief formed in the mind of the Defendant that the actor that is the victim in this case is using or about to use deadly physical force. A mere honest belief is not enough, but it must be a reasonable belief. The evidence in this case is, and there is the evidence, that the Defendant saw no weapon, there was no threat of a use of a weapon, the Defendant had never had any problems with the victim before, no evidence of reputation for bloodthirstiness, fighting, or anything else on behalf of the victim in this case, and I don't find from the evidence in this case that it warrants the charge of self defense in this case."
* * * * * *
 The Court just doesn't find as a matter of law under the facts of this case that there could have been a reasonable belief that he thought that the victim in the case was about to use deadly physical force. There was no bulge in his pocket, no hand going toward the pocket, no weapon, or threat, or use of a weapon, no problems with him before."
The general rule is that "every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility." Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978). If there is "any evidence, however slight, tending to support" that the defendant acted in self-defense, the issue should be submitted to the jury. King v. State, 71 Ala. 1, 4
(1881). In most cases, the issue of self-defense is one of ultimate fact solely for determination by the jury, Domingus v.State, 94 Ala. 9, 11 So. 190 (1892), however "unsatisfactory and inconclusive to the judicial mind" the evidence of self-defense may appear. Burns v. State, 229 Ala. 68, 70,155 So. 561, 562 (1934).
However, the court should not instruct on the law of self-defense where there is no evidence to sustain the plea.Raines v. State, 455 So.2d 967, 974 (Ala.Cr.App. 1984); Tarverv. State, 137 Ala. 29, 34 So. 627 (1903); C. Gamble, McElroy'sAlabama Evidence, § 457.02 (5) (3d ed. 1977). "[I]n the absence of all evidence having a tendency to show that at the time of the killing the accused was in imminent peril of life, or grievous bodily harm, or of the existence of circumstances creating in his mind a reasonable belief of such peril, . . . these instructions were abstract." King, 71 Ala. at 4-5. A trial judge may properly refuse to charge the jury on self-defense where he determines that "the defendant could not set up self-defense under the facts." Consford v. State,15 Ala. App. 627, 634, 74 So. 740, 743, cert. denied, 200 Ala. 23,75 So. 335 (1917).
In determining whether to charge the jury on self-defense, "evidence most favorable to the defendant should be considered and if there is the slightest evidence tending to prove a hostile demonstration which can be reasonably interpreted as placing the accused, at the time of the killing, in apparent imminent danger to life or other grievous bodily harm then the matter of self-defense becomes a question for the jury." Byrdv. State, 257 Ala. 100, 104, 57 So.2d 388, 391 (1952).
Before the issue of self-defense is submitted to the jury, the defendant has the burden of proving, among other things, that he "reasonably believe[d]," Alabama Code 1975, § 13A-3-23, that his attacker was about to use unlawful deadly physical force, "unless this fact arises out of the evidence produced against him to prove the homicide." Cosby v. State, 269 Ala. 501,505, 114 So.2d 250, 253 (1959).
 "In the absence of evidence tending to show both that the appellant was in actual or apparent imminent peril and that he was unable to retreat, it is assumed that *Page 320 
he was not in such peril and that he was able to retreat. It necessarily follows that the accused has the burden of producing evidence warranting both of such findings and that the discharge of that burden is one of the conditions precedent to his being entitled to having his claim of self-defense submitted to the jury. Naugher v. State, 105 Ala. 26, 17 So. 24; Cosby v. State, 269 Ala. 501, 114 So.2d 250." Payne v. State, 48 Ala. App. 401, 406-07, 265 So.2d 185, 190, cert. denied, 288 Ala. 748, 265 So.2d 192, cert. denied, 409 U.S. 1079, 93 S.Ct. 703, 34 L.Ed.2d 669 (1972).
This belief that the assailant is going to use unlawful deadly physical force must be both honestly entertained and reasonable.
 "The law requires that a belief of imminent peril and urgent necessity to slay in self-defense, though it may be based on appearances, must be both well-founded and honestly entertained. Williams v. State, 161 Ala. 52, 59, 50 So. 59 (1909). A merely `honest' belief, unless a reasonable one, that the killing was necessary, will not make it justifiable.
 "`It is not an honest, but a reasonable belief, that justifies. An honest may not be a reasonable belief; it may be the offspring of fear, alarm or cowardice, or it may be the result of carelessness, and irrational. A reasonable belief, generated by the attendant circumstances — circumstances fairly creating it — honestly entertained, will justify a homicide; but not an irrational belief, however honest it may be.'" Holley v. State, 75 Ala. 14, 19 (1883)." Howard v. State, 420 So.2d 828, 832
(Ala.Cr.App. 1982).
"The question is not merely what the defendant believed, but also, what did he have the right to believe." Alabama Code 1975, § 13A-3-23 Commentary.
The general rule is that "[a]n assault with the hand or fist, under ordinary circumstances, neither justifies nor excuses the use of a deadly weapon." Scales v. State, 96 Ala. 69, 78,11 So. 121, 125 (1892).
 "When one who is without fault is attacked in such manner as to endanger his life or expose him to grievous bodily harm, and he is without apparent means of safe escape therefrom, the law authorizes him to anticipate his adversary, and to strike, and even slay, his assailant, if such extreme measure appears to be reasonably necessary to his own security. 3 Brick.Dig. p. 219 § 570 et seq.; Bostic v. State, (Ala.) [94 Ala. 45] 10 South.Rep. 602. But peril of a battery, from which great bodily harm cannot reasonably be apprehended, will not justify the taking of life, even though there be no reasonable mode of escape. Eiland v. State, 52 Ala. 322; Davis v. State, 92 Ala. 20, 9 South.Rep. 616. Fisticuff blows do not, as a rule, inflict the grievous bodily harm which, other means of escape being cut off, will excuse the slaying of the assailant. `When a man is struck with the naked hand, and has no reason to apprehend a design to do him great bodily harm, he must not return the blow with a dangerous weapon.' Shorter v. People, 2 N.Y. 194. `A mere assault, however, not directed at life or chastity or other high right, cannot excuse homicide. Hence, if a deadly weapon be not used by the assailant, or other circumstances do not exist to indicate a felonious attempt, for the assailed to take live is at least manslaughter.' 1 Whart.Crim.Law, § 484. `The jury must be satisfied that, unless he [the manslayer] had killed the assailant, he was in imminent and manifest danger either of losing his own life, or of suffering enormous bodily harm.' 3 Greenl.Ev. § 116. `I take the rule to be settled that the killing of one who is an assailant must be under a reasonable apprehension of a loss of life or great bodily harm, and the danger must appear so imminent at the moment of the assault as to present no alternative of escaping its consequences but by resistance.' Logue v. Com., 38 Pa.St. 265; 9 Amer. Eng.Enc. Law, 540." Scales, 96 Ala. at 76-77, 11 So. at 124.
"The law is that a blow from the hand or fist under ordinary circumstances, neither *Page 321 
justifies nor excuses the use of a deadly weapon." George v.State, 145 Ala. 41, 44-45, 40 So. 961, 962 (1906). See alsoElliott v. State, 16 Ala. App. 464, 78 So. 633 (1918); Matthewsv. State, 22 Ala. App. 366, 115 So. 763 (1928).
However, "[t]he reasonableness of an apprehension of death or great bodily injury is a question of fact for the jury." F. Wharton, The Law of Homicide, § 287 at 462 (3d ed. 1907). "[I]t is a question for the jury to satisfy itself from all the evidence in the case whether or not the defendant was in imminent and manifest danger either of losing his own life or of suffering grievous bodily harm, or that it appeared so to the mind of a reasonable man." Dilburn v. State, 16 Ala. App. 371,372, 77 So. 983, 984 (1918). See also Kennedy v. State,240 Ala. 89, 196 So. 884 (1940); Moore v. State, 54 Ala. App. 22, 304 So.2d 263, cert. denied, 293 Ala. 768, 304 So.2d 268
(1974); Sterrett v. State, 31 Ala. App. 161, 13 So.2d 776, cert. denied, 244 Ala. 367, 13 So.2d 780 (1943).
There are exceptions to the general rule that a simple unarmed assault will not justify the use of deadly physical force. "There are times when exceptional and unusual circumstances may justify the use of a deadly weapon against an unarmed man, . . . . `such as great disparity between the parties in the matter of physical power or other peculiar conditions.'" Willingham v. State, 262 Ala. 550, 553,80 So.2d 280, 283 (1955); George v. State, 145 Ala. 41, 40 So. 961
(1906); Dilburn v. State, 16 Ala. App. 371, 77 So. 983 (1918).
 "A mere assault, not felonious furnishes no excuse for killing the assailant. The retaliation must be proportioned to the threatened danger.
 "If, however, an intended beating is of a character to imperil life, or to maim, then the intent is felonious, and the assailed person is excused in taking life when necessary to repel the assault. And a simple assault accompanied by other acts or circumstances reasonably justifying the belief that it would be carried so far as to imperil life justifies the taking of life in self defense. And an unprovoked and brutal assault by one of greatly superior strength, who had already demonstrated his power and purpose to do great bodily injury, recklessly and angrily persisted in, justifies the person assaulted in killing him, when that reasonably appears to him to be the only accessible means of stopping the assault. Nor is a person deprived of the right to kill in self-defense by the fact that the attack upon him was with fists only, when he had already received serious bodily injury from his assailant, and it reasonably appeared to him that the combat was not over, and that his antagonist had the ability and was about to inflict further serious bodily injury upon him, and that the danger was imminent." F. Wharton, The Law of Homicide § 236 (3d ed. 1907).
Whether the accused reasonably believes that another person is using or is about to use unlawful deadly physical force against him is a question for the jury. "The law requires that the circumstances should be such as to create a reasonable belief of impending necessity. These circumstances are to be ascertained by the jury, . . ." Oliver v. State, 17 Ala. 587,599 (1850). "It is solely for the jury to determine whether any particular inference that may possibly be drawn from given facts is or is not a reasonable inference, and not for the court to substitute its judgment for theirs in passing upon the character of inferences afforded by the evidence." Domingus v.State, 94 Ala. 9, 13, 11 So. 190, 192 (1892) (error to charge jury that from certain facts they might reasonably infer that defendant was not in imminent danger).
"The law of self-defense makes use of (1) rules, and (2) the reasonable-person standard. The court determines what the rules are, but it is for the jury to determine whether the standard has been met by the evidence in the particular case." R. Perkins R. Boyce, Criminal Law 1116 (3d ed. 1982). "It is to be noted that reasonableness is determined by a standard — a reasonable person under like circumstances *Page 322 
— and the determination is made by the jury." Perkins, at 1117. "A self-defense . . . instruction should be given when any evidence is given showing the defendant's subjective belief that the use of force was necessary." Perkins, at 1115-16, quoting People v. Lockett, 82 Ill.2d 546, 45 Ill.Dec. 900, 903,413 N.E.2d 378, 381 (1980).
The issue of self-defense should have been submitted to the jury. The judgment of the circuit court is reversed and this cause is remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.