TAYLOR, Judge.
Appellant, 56-year-old Helen Wyatt Anthony, was convicted in the Circuit Court of Etowah County of manslaughter. She was sentenced to ten years in the penitentiary.
The facts surrounding appellant’s conviction are as follows. On or about May 4, 1985, appellant was babysitting her grandchildren at her daughter’s house trailer in the Egypt community of Etowah County. At approximately 11:30 p.m., appellant noticed Robert Brown, her daughter’s estranged husband, driving up and down the road in front of her daughter’s residence.
Appellant testified that she had already put the children to sleep and was dressed in her housecoat. Appellant stated that after she spotted Robert’s car she turned the light off inside the trailer, hoping he would leave. When she turned the lights back on, Robert had parked in the trailer’s driveway.
Appellant testified that she was extremely scared of Robert and kept a loaded rifle in the trailer for her protection. Appellant testified that Robert got out of his car and approached the trailer. At first, appellant said, she was not sure if it was Robert because all the lights were off. While she recognized the car as being Robert’s, the man she saw on her porch was cleanshaven and appellant knew that Robert always wore a beard.
Appellant testified that she heard the man say “Where’s Debby?” Appellant answered “She’s not here.” Appellant stated that she then opened the door to see who it was and that when she recognized that it was Robert, she shut the door. Appellant stated that this, angered him and he started cursing her and called her a bitch. Appellant testified:
“He said, ‘Damn it, I want to know where Debby’s at.’ And I said, ‘Robert, she’s not here. Leave us alone. I have got a gun and I don’t want to use it. But if I have to’ — or something like that. He said, ‘I don’t give a damn what you’ve got. I want to know where Debby is at.’ And when he said that, he came through the door.” .
She had testified that the trailer door would not lock.
Appellant stated that when Robert came into the trailer he lunged in her direction. Appellant said she was not certain whether he was reaching for her or the rifle, but that he had his arms out as if to seize her. Appellant then shot once, striking Robert in the chest. Appellant testified that he then stumbled out onto the porch and fell down in the driveway. When the sheriff’s deputies arrived, Robert was dead.
There was testimony at trial by appellant and her daughter concerning the violent nature of Robert and that both were extremely frightened by him.
Appellant maintains that her conviction is due to be reversed because the trial court failed to charge the jury on self-defense. We agree and hereby reverse appellant’s conviction.
The court in refusing appellant’s requested jury charge on the law of self-defense, *738 stated that “it does not apply in this case.... ”
“In determining whether to charge the jury on self-defense, ‘evidence most favorable to the defendant should be considered and if there is the slightest evidence tending to prove a hostile demonstration which can be reasonably interpreted as placing the accused, at the time of the killing, in apparent imminent danger to life or other grievous bodily harm then the matter of self-defense becomes a question for the jury.’ ”
King v. State, 478 So.2d 318, 319 (Ala.Cr.App.1985), quoting Byrd v. State, 257 Ala. 100, 57 So.2d 388 (1952).
“The general rule is that ‘every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility.’ ”
King, supra at 319.
The testimony at trial provided evidence, however slight or however unworthy of belief, that appellant acted out of apparent imminent danger. While we do not pass on the plausibility of appellant’s defense, we have no choice but to hold that the jury should have been charged on the appellant’s theory of the case.
For the foregoing reason, appellant’s conviction is reversed and the cause remanded for retrial or other proceedings not inconsistent herewith.
REVERSED AND REMANDED.
All the Judges concur.