Defendant, Joseph Washington, was convicted of two offenses of murder and was sentenced to serve two consecutive 99-year terms in prison. The Court of Criminal Appeals affirmed. We granted certiorari to determine whether that court correctly determined that certain remarks made by the prosecutor during summation in this case did not require reversal.
During summation by the prosecutor, Mr. Copeland, the following occurred:
 "[MR. COPELAND]: And there are certain things, because of our rules that we cannot present to you, but you heard Sergeant Williams —
"MR. IRBY: Your Honor —
"MR. COPELAND: — telling you —
 "MR. IRBY: — excuse me. At this time, may I approach the Bench?
 "MR. COPELAND: Well, if you've got an objection, will you —
"(Off record conference.)
"(At Bench, inaudible to Jury.)
 "MR. IRBY: Judge, we got an objection to the District Attorney referring to the fact that under the rules of law, it is certain evidence that's — under the rules of law the Jury is being forbidden to hear certain evidence to infer some negative prejudicial remarks towards this Defendant.
 "MR. COPELAND: No, I didn't intend it that way. If it was interpreted that way, you know, I apologize.
 "MR. IRBY: The inference was made to the Jury and I'd just like to note it for the record.
"THE COURT: Okay. I overrule the objection."
The defendant contends now, as he did below, that Copeland's statement constituted reversible error. In addressing this argument, the Court of Criminal Appeals held as follows:
 "The appellant contends that this constitutes reversible error under the case of Tillman v. State, 374 So.2d 922 (Ala.Cr.App. 1979). Tillman, however, deals with the situation where the prosecutor stated a substantive fact which was not in evidence or which would not be legal evidence if offered as such, '. . . yet which would have a natural tendency to influence the finding of the jury.' Edson v. State, 53 Ala. App. 463, 301 So.2d 226 (1974); Cross v. State, 68 Ala. 476
(1881). The prosecutor's statement in this case did not state a fact. While the prosecutor flirts with reversal, nonetheless, under the circumstances of this case, his suggestion that there are facts he is not allowed to present to the jury, standing alone, does not justify a reversal."
Washington v. State, 507 So.2d 1358 (Ala.Crim.App. 1986). We reverse.
It has long been the rule in Alabama that, although counsel should be given considerable latitude in drawing reasonable inferences from the evidence, they may not argue as a fact that which is not supported by the evidence. Brown v. State,374 So.2d 395 (Ala. 1979); Espey v. State, 270 Ala. 669,120 So.2d 904 (1960); Cosby v. State, 269 Ala. 501, 114 So.2d 250 (1959);Garrett v. State, 268 Ala. 299, 105 So.2d 541 (1958); Ray v.State, 248 Ala. 425, 27 So.2d 872 (1946). This has been the rule since it was first stated in McAdory v. State, 62 Ala. 154
(1878):
 "[C]ounsel should not be permitted to comment upon facts not proved before the jury as true, and not legally competent and admissible as evidence. However reluctant an appellate court may be to interfere with the discretion of a primary court in regulating the trial of causes, if it should appear that it had refused, to the prejudice of a party, to *Page 1362 
compel counsel to confine their arguments and comments to the jury, to the law and evidence of the case under consideration — if it had permitted them to refer to and comment upon facts not in evidence, or which would not be admissible as evidence, it would be a fatal error. . . ."
62 Ala. at 163.
It is clear that, in the present case, the prosecutor was making reference to certain facts which were not in evidence but which, as he argued to the jury, he would have introduced if not for the existence of our evidentiary rules. The prejudicial impact of such a statement on the jury is all too evident: If the prosecutor had been allowed to introduce this evidence, the defendant's guilt would thereby have been proved.
The Court of Criminal Appeals decided that in making the statement the prosecutor was only "flirting with reversal." The allowance of such a flirtation during summation in a criminal prosecution, we respectfully observe, is intolerable.
Accordingly, the judgment of the Court of Criminal Appeals is reversed, and this case is remanded to that court for an order consistent with this opinion. It is so ordered.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.