The appellant was convicted of assault in the third degree, in violation of § 13A-6-22, Code of Alabama 1975. He received a 90-day suspended sentence and was placed on probation for 12 months. The appellant contends that the trial court erred in failing to instruct the jury on the use of force in defense of premises pursuant to § 13A-3-25, Code of Alabama 1975.
The record reveals that, at the close of the court's oral charge, the appellant specifically requested that the court charge the jury on the use of force in the defense of premises using the above-cited Code section. The appellant's counsel and the trial judge discussed the proposed charge. The trial court refused to give the charge and further stated that Alabama lawrequired that all requested charges be submitted in writing.
During the course of its deliberations, the jury asked the trial judge to instruct it on the law concerning the protection of property. After that request, the trial judge and the appellant's counsel entered into a lengthy discussion about the propriety of such a charge, which discussion took up more than 12 pages of the record. At the close of that discussion, the trial judge told the appellant's counsel that he would give him an exception to his refusal to charge on defense of property.
We find that this issue was properly preserved for review. We first note that Ala.R.Crim.P.Temp. 14 does not require that all requested jury charges be submitted in writing. See Parker v.State, 581 So.2d 1211 (Ala.Crim.App. 1990), cert denied, Exparte Parker, 581 So.2d 1216 (Ala. 1991); Davenport v. City ofBirmingham, 570 So.2d 1298 (Ala.Crim.App. 1990). An objection to the trial court's refusal to give the jury an orally requested jury charge preserves that issue for review when there is no indication that the trial *Page 657 
judge requested or required written jury charges. Parker;Davenport. It appears from the record that the trial judge erroneously believed that Alabama law required that all requested jury charges be submitted in writing in every case. Alabama law requires only that instructions be written when the trial judge so requests. Parker; Davenport. It appears from the record that the trial judge based his ruling partially on the belief that the appellant was required to submit written instructions rather than on any failure on the part of the appellant to comply with the judge's request for written instructions. Even if this were not the case, however, we would still find that the issue was preserved for review. The appellant properly objected to the court's refusal to charge the jury on the defense of property after the jury had requested such an instruction. During the lengthy and detailed discussion about the jury's request, the trial judge stated that jury instructions are never closed if the jury needs further instructions. During this discussion, the trial judge never requested or required the submission of a written instruction. At the end of the discussion, the trial judge stated that he would give the appellant an exception. Thus, even if this issue was not preserved in the first instance, it was properly preserved after the jury's request.
Section 13A-3-25 states:
 "(a) A person in lawful possession or control of premises, . . . or a person who is licensed or privileged to be thereon, may use physical force upon another person when and to the extent that he reasonably believes it necessary to prevent or terminate what he reasonably believes to be the commission or attempted commission of a criminal trespass by the other person in or upon such premises."
"The general rule is that 'every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility.' " King v. State, 478 So.2d 318, 319
(Ala.Crim.App. 1985) (citation omitted). A defendant is entitled to have the trial court instruct the jury on his theory of defense, provided that the theory has legal foundation and is supported by the evidence. Coon v. State, 494 So.2d 184 (Ala.Crim.App. 1986). "In order to determine whether the evidence is sufficient to necessitate an instruction and allow the jury to consider the defense, 'we must accept the testimony most favorable to the defendant.' " Coon at 186 (citation omitted).See also King.
The record reveals that the appellant saw the complaining witness, Michael Vice, standing in the lobby of the New Women's Health Clinic, where the appellant was employed as a physician. There were several patients in the lobby. Vice was not a patient. The appellant's evidence indicates that Vice was yelling and banging on a wall in the lobby. There were no trespassing signs posted inside and outside the clinic. Both the appellant and another employee of the clinic asked Vice to leave. Vice refused. The appellant then pushed Vice out of the clinic and locked the door. The appellant testified, "I was afraid he would get back up and we would end up with the samesituation or he would hurt somebody, so I locked the door." (R. 169.) A few seconds later, Vice started banging and kicking the clinic door. Vice continued to yell. The appellant testified that something had to be done to stop Vice because the wall of the clinic on which the door was located was glass from the floor to the ceiling and that he thought that the banging could cause the glass to shatter. The appellant then went outside the clinic carrying a metal rod. He was approximately four or five feet from the door. He testified that he stood his ground and that Vice came toward him and pushed on the rod. The appellant told Vice to leave. He testified that he wanted to stop the disruption and the potential for violence. During the discussion concerning the appellant's requested charge, the trial judge stated that the appellant did present evidence that he was defending the premises.
The record reveals that the appellant's theory that he was defending the premises was supported by the appellant's evidence. *Page 658 See, e.g., King (trial court erred in failing to instruct on self-defense when there was evidence to support defendant's theory). Thus, the trial court erred in refusing to charge the jury on this defense. We cannot say that the failure to instruct the jury on this defense did not injuriously affect the appellant's substantial rights.
The appellant raised two other issues on appeal. Neither issue, however, was properly preserved for review. The appellant's claim of error during the voir dire of the jury was not preserved because he failed to object to the alleged error. Thus, there was no adverse ruling for this court to review on appeal. Leonard v. State, 551 So.2d 1143 (Ala.Crim.App. 1989). The appellant's claim of error during Vice's testimony was also not preserved. A discussion ensued after the trial judge had refused to admit certain evidence. The trial court properly held that the evidence offered by the appellant was not admissible for the appellant's stated purpose. The appellant argues on appeal that the evidence was admissible for other purposes. An appellant is bound by the grounds of objection raised at trial and cannot change them on appeal.Washington v. State, 555 So.2d 347 (Ala.Crim.App. 1989);Leonard.
For the reasons set forth above, the judgment is due to be reversed.
REVERSED AND REMANDED.
All the Judges concur.