The appellant, Kenneth Jerome Cannon, was convicted of manslaughter, a violation of § 13A-6-3, Code of Alabama 1975; shooting into an occupied vehicle, a violation of § 13A-11-61, Code of Alabama 1975; and criminal mischief in the third degree, a violation of § 13A-7-23, Code of Alabama 1975. He was sentenced to 10 years' imprisonment on the manslaughter conviction, to run concurrently with sentences of 10 years' imprisonment on the conviction for shooting into a vehicle and 12 months' imprisonment on the criminal mischief conviction.
The appellant did not deny that he shot and killed the victim, Billy Joe Buckner; however, he contended that he did so in self-defense. The evidence tended to show that the appellant discovered his wife, Monica Cannon, with the victim, Buckner, and another woman, Barbara Leonard, at Midway Auto Salvage on December 4, 1990, where they had gone to check on Leonard's automobile. The appellant approached Buckner and struck him in the face. Buckner then drew a pistol and shot at the appellant. The appellant ran away from Buckner and went into the Midway Auto Salvage office. He asked the people in the office to call the police. They agreed to do so but told the appellant that he had to leave the building. The appellant then went to his automobile and retrieved a shotgun from the trunk. Immediately thereafter, the vehicle containing Barbara Leonard, Buckner, and Monica Cannon drove toward the appellant. As the car passed him, the appellant fired his shotgun into the back seat of the car, where Buckner was sitting. Wounds to Buckner's head inflicted by the shotgun blast caused his death. The appellant testified that Buckner was aiming his pistol at him and preparing to shoot as the vehicle approached. Buckner's pistol was found in the back right floorboard of the car where he had been sitting. At trial, the court refused to instruct the jury on self-defense.
The appellant contends that the circuit court erred in refusing to instruct the jury on self-defense. A defendant is entitled to have the court instruct the jury on self-defense when he presents any evidence supporting that defense, regardless of the weakness or strength of that evidence.Lucerno v. City of Birmingham, 592 So.2d 656 (Ala.Cr.App. 1991). Section 13A-3-23, Code of Alabama 1975, provides in pertinent part:
 "(a) A person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for the purpose. A person may use deadly physical *Page 1287 
force if the actor reasonably believes that such other person is:
 "(1) Using or about to use unlawful deadly physical force. . . .
". . . .
 "(b) Notwithstanding the provisions of subsection (a), a person is not justified in using deadly physical force upon another person if it reasonably appears or he knows that he can avoid the necessity of using such force with complete safety:
"(1) By retreating. . . .
". . . .
 "(c) Notwithstanding the provisions of subsection (a), a person is not justified in using physical force if:
 "(1) With intent to cause physical injury or death to another person, he provoked the use of unlawful physical force by such other person; or
 "(2) He was the initial aggressor, except that his use of physical force upon another person under the circumstances is justifiable if he withdraws from the encounter and effectively communicates to the other person his intent to do so, but the latter nevertheless continues or threatens the use of unlawful physical force. . . ."
In King v. State, 478 So.2d 318 (Ala.Cr.App. 1985), Judge Bowen, writing for this court, stated:
 "If there is 'any evidence, however slight, tending to support' that the defendant acted in self-defense, the issue should be submitted to the jury. King v. State, 71 Ala. 1, 4 (1881). In most cases, the issue of self-defense is one of ultimate fact solely for determination by the jury, Domingus v. State, 94 Ala. 9, 11 So. 190 (1892), however 'unsatisfactory and inconclusive to the judicial mind' the evidence of self-defense may appear. Burns v. State, 229 Ala. 68, 70, 155 So. 561, 562
(1934)."
". . . .
 "In determining whether to charge the jury on self-defense, 'evidence most favorable to the defendant should be considered and if there is the slightest evidence tending to prove a hostile demonstration which can be reasonably interpreted as placing the accused, at the time of the killing, in apparent imminent danger to life or other grievous bodily harm then the matter of self-defense becomes a question for the jury.' Byrd v. State, 257 Ala. 100, 104, 57 So.2d 388, 391
(1952).
". . . .
 " 'In the absence of evidence tending to show both that the appellant was in actual or apparent imminent peril and that he was unable to retreat, it is assumed that he was not in such peril and that he was able to retreat. It necessarily follows that the accused has the burden of producing evidence warranting both of such findings and that the discharge of that burden is one of the conditions precedent to his claim of self-defense submitted to the jury. Naugher v. State, 105 Ala. 26, 17 So. 24; Cosby v. State, 269 Ala. 501, 114 So.2d 250.'
 "Payne v. State, 48 Ala. App. 401, 406-07, 265 So.2d 185, 190, cert. denied, 288 Ala. 748, 265 So.2d 192, cert. denied, 409 U.S. 1079, 93 S.Ct. 703, 34 L.Ed.2d 669 (1972)."
King, 478 So.2d at 319-20. (Emphasis added.) See also Quinlivanv. State, 555 So.2d 802 (Ala.Cr.App. 1989).
Only minutes before Cannon shot Buckner, Buckner had fired a pistol at Cannon. Therefore, the appellant knew that the deceased was armed and that he was the deceased's target. When the appellant fled after the victim fired at him, he retrieved a shotgun from his car. The appellant testified that he got the gun in order to protect himself. The appellant contends that he was not sure that he could safely get in his car and leave because he did not know where Buckner was. The car in which Buckner was riding came quickly toward the appellant. The appellant testified that Buckner was in the back seat, and was again aiming his pistol at him. The appellant testified that he shot Buckner in order to save his own life.
 "An accused is entitled to the charge [on self-defense] whenever some evidence of self-defense has been offered and some testimony of a threat and its attempted execution has been presented."
Nelson v. State, 397 So.2d 198, 199 (Ala.Cr.App.), cert. denied, 397 So.2d 199 (Ala. 1981). *Page 1288 
The appellant presented evidence that he shot the victim in self-defense. Through his testimony, he explained why he felt that he was in imminent danger and why he did not retreat. Based on this evidence, the court should have instructed the jury on self-defense. Whether an accused was in imminent danger when he used deadly force against a victim and whether his belief that he was in such danger was reasonable is a question of fact for the jury. Lemley v. State, 599 So.2d 64
(Ala.Cr.App. 1992). The evidence presented by the appellant created factual issues for the jury to resolve. In fact, one of the jurors sent a question to the court during the jury's deliberations asking if the jury could consider self-defense. The court responded that it could not. This incident is simply additional evidence that the charge should have been given. The circuit court erred to reversal in refusing to instruct the jury on self-defense.
For the foregoing reasons, we reverse the judgment in this cause and remand it to the Circuit Court for Tallapoosa County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.